H. H. COHEN, Respondent, v. JOHN P. CAMP *et al.*, Appellants.

1. *Judgment — Satisfaction, acknowledgment of, when authorized — May be set aside, how.*—A judgment can not be set aside after the term at which it is rendered, but an entry of satisfaction, made subsequent to the term, may be. The acknowledgment of satisfaction is merely evidence of payment, and, if made *bona fide* and correctly, forever discharges and releases the judgment or decree. But as between the parties, if made unauthorizedly or by mistake, it may be canceled or set aside on motion.

*Appeal from St. Louis Circuit Court.*

*I. T. Wise*, for appellants.

I. The court had no power to set aside or annul its proceedings and record made at a prior term. The judgment was by the order "forever discharged and released." The court, at a subsequent term, had no power to re-examine the cause, or the sufficiency or the insufficiency of the reason of the court's action at a former term. (1 Wagn. Stat. 792, § 23 ; Ashby v. Glasgow, 7 Mo. 321 ; Harrison v. State, 10 Mo. 687 ; Hill v. St. Louis, 20 Mo. 584 ; Brewer v. Dinwidie, 25 Mo. 351 ; Harbor v. Pacific R.R., 32 Mo. 423 ; Smith v. Best, 42 Mo. 185.)

II. A judgment satisfied, of record and without irregularity, can not be revised, even by consent. (Bynum v. Murrell, 8 Humph. 701.)

III. The satisfaction of the judgment entered of record can not be impeached collaterally, and the record entry of satisfaction is conclusive. Even if it could be reached by direct proceedings in equity, it is absolute proof of payment so long as it stands a part of the record. (Pratt v. Jones, 22 Verm. 344 ; Packard v. Hill, 7 Cow. 434 ; Dimick v. Brooks, 21 Verm. 579.)

*H. A. Haeussler*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The respondent recovered judgment against the appellant in the Court of Common Pleas of St. Louis county, at the September term thereof, 1854. Suit was brought on the judgment at the

April term, 1867, in the Circuit Court of said county. The petition averred that the judgment was still due to the plaintiff, and that it remained unpaid and unsatisfied. These allegations were denied in the answer. It appears that satisfaction had been entered of record. Whilst the suit was still pending and undecided, the respondent caused a notice to be served on the appellant that he should move at a certain time to have the satisfaction set aside and canceled. Upon the hearing of the motion and evidence introduced, the court ordered that the satisfaction be set aside, and then rendered judgment for the respondent.

The counsel for the appellant has collected and cited the cases decided in this court showing that a judgment can not be set aside after the term at which it is rendered. This proposition is undisputed. But the answer is, that the entry of satisfaction was not made at the term at which the judgment was taken, and forms no part of it. The acknowledgment of satisfaction is merely evidence of payment, and, if made *bona fide* and correctly, forever discharges and releases the judgment or decree. But as between the parties, if made unauthorizedly or by mistake, it may be canceled or set aside on motion.

The case of Bynum v. Murrell, 8 Humph. 701, cited and relied on, does not assist the appellant. There it appears that Murrell had obtained two small judgments against Bynum, before a justice of the peace, and on the 3d day of November, 1842, Bynum paid to John S. Murrell, the agent of the plaintiff, a sum sufficient to discharge one of the judgments in full, leaving a balance to be applied toward the satisfaction of the other; and thereupon satisfaction of the judgment thus discharged was entered by the justice upon his docket. Some time afterward, John S. Murrell, the agent of the plaintiff, having other lands belonging to his principal in the hands of Bynum, who was a constable, moved for judgment against him, before the same justice who rendered the judgment and entered the satisfaction before mentioned; and on the hearing Bynum proposed that the payment made in November, 1842, and which had been previously applied to the entire satisfaction of one of said judgments and the partial satisfaction of the other, should be appropriated to the

claim on account of which judgment on motion was sought, and that the satisfaction of the first-named judgment should be made void; and the justice being of the opinion that this might be done, and the parties assenting thereto, the entry of satisfaction of said judgment was canceled and obliterated by the justice. The court held that the judgment having been once fully satisfied by the voluntary act and agreement of the parties, was thereby utterly and forever extinguished, and could not again be resuscitated or set on foot by any act of the parties, and that to permit matters of record or *quasi* of record to be obliterated and destroyed in the mode pursued would be fraught with the most dangerous consequences.

In the above case there had been full and complete satisfaction that operated as a total extinguishment or annihilation of the judgment; the parties attempted to destroy or obliterate the record to accomplish their purposes. But in the present case a different state of facts exists, and the party pursued his remedy in a different mode. The judgment was never paid off or extinguished, but the acknowledgment of satisfaction was unauthorized and made by mistake. The proceeding was not by undertaking to destroy or obliterate the records, but in a regular manner before a court having jurisdiction and competent to act.

I think the judgment should be affirmed, and with the concurrence of the other judges, it will be so ordered.