WILLIAM H. TRIGG, Defendant in Error, *v.* WILLIAM HARRIS
*et al.*, Plaintiffs in Error.

1. *Executions — County warrant — Receipt by sheriff, effect of.* — A county
warrant is capable of being seized and levied on by a sheriff (R. C. 1855, p.
741, § 18; Wagn. Stat. 606, § 20), and his receipt thereof, in satisfaction of an
execution, is in law a satisfaction of the execution and of the judgment on
which it is issued; and if any loss results to the creditor in consequence of the
act of the sheriff, his recourse would be on that officer and his official sureties.

*Error to Cooper Circuit Court.*

*Wash. Adams & Son,* for plaintiffs in error.

The sheriff had the right to seize the county warrant under the
execution. And the taking of it on the execution was in fact a
levy thereof, and the execution was satisfied by this levy, even
before the warrant had been prosecuted for payment. (See R. C.
1855, p. 741, §§ 18–19; Blair v. Caldwell, 3 Mo. 353.)

*Draffin & Muir,* for defendant in error.

I. The statement that the sheriff took the warrant in payment
is a mere inference not authorized by the facts. There was no
delivery by the debtor, and no acceptance by the creditor of any-
thing. (See 23 Mo. 281.) Nothing said or done by Taylor, in
the interview related, was in his capacity as sheriff, and he had
no authority to act for Trigg in any other way than as sheriff.
The duty and authority of a sheriff, having in his hands an exe-
cution, are to levy it, and not to barter for county warrants.

II. No declaration of law was necessary or proper in this
case. The material facts, to the mind of the court, were satis-
factorily established and controlled the decision. The declaration
of law was not objected to by defendant in error. It was, under
the facts of the case, a mere abstraction.

Counsel cited generally 1 Cow. 46; 4 Cow. 553; Codwin v.
Field, 9 Johns. 261; 2 Wend. 417.

WAGNER, Judge, delivered the opinion of the court.

The simple question in this case is whether the court committed
error in refusing the declaration of law asked for by the defend-

ants. The action was to revive a judgment originally rendered for upward of $400. The defense was payment. This was the only issue.

The case shows that shortly after the judgment was rendered an execution was issued to the sheriff of Vernon county, where one of the defendants resided; and it is claimed that the same was satisfied by his delivering to the sheriff a county warrant in satisfaction of the debt, and that the sheriff received the money thereon. There was evidence tending to prove this fact. On the other side there was evidence tending to negative it.

The cause was tried before the court sitting as a jury, and the defendants requested the court to declare the law to be that if one of the defendants put into the hands of the sheriff of Vernon county a county warrant for $1,150, or any amount sufficient to pay the execution, or if said warrant was in the sheriff's hands, belonging to said defendant, and he directed the sheriff to take said warrant, and it was so taken, in satisfaction of the execution, then the execution was thereby paid off. This instruction the court declined giving, and then found for the plaintiff.

The warrant was an instrument or evidence of debt, which was capable of being seized and levied upon by the sheriff, and it was his duty to collect the money on it and apply it to the execution when it came into his hands. (R. C. 1855, p. 741, § 18.)

In Blair v. Caldwell, 3 Mo. 353, it was held that when property sufficient to satisfy an execution was levied on, it was a satisfaction of the judgment. The subsequent case of Williams v. Boyce, 11 Mo. 538, was decided upon special facts, and does not at all impair the authority of Blair v. Caldwell.

If the sheriff received the warrant in satisfaction of the execution, it also satisfied the judgment; and if loss resulted to the creditor in consequence of the act of the sheriff, his recourse would be against that officer and his sureties upon his official bond. I think the instruction should have been given. Whether the evidence would have justified a verdict in accordance with the declaration, is not for us to decide. That was a matter belonging only to the triers of the fact. We only say that there was sufficient testimony to authorize the court in giving the instruction.

The judgment will be reversed and the cause remanded. Judge Bliss concurs. Judge Adams, having been of counsel in the case, not sitting.