STATE ex rel. GRAY, Plaintiff, v. ACTIVE BUILDING AND LOAN ASSOCIATION No. 2, Defendant; THOMAS A. RUSSELL, Appellant.

St. Louis Court of Appeals, November 17, 1903.

1. **Receivers:** ATTORNEY'S FEES TAXABLE AS COSTS. An allowance for services as attorney for a receiver is a part of the taxable costs against the estate in the receiver's hands, under section 755, Revised Statutes 1899.

2. **Costs:** RETAXING AT A SUBSEQUENT TERM. Where the court makes an order, directing a receiver to distribute the funds in his hands, and, upon filing vouchers, to stand discharged, a motion to retax the costs so as to allow an attorney's fee may be properly entertained at a term subsequent to, and not directly succeeding, the one at which the order was made.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*Daniel Dillon* for appellant.

(1)  The allowance of the receiver's attorney is part of the taxable costs in the proceeding.  R. S. 1899, sec. 755; Beach on Receivers (Alderson's Ed.) p. 810, Turner v. Butler, 66 Mo. App. 383.  (2)  The court should make the allowance and tax the same as costs. St. Louis v. St. Louis Gas Light Co., 11 Mo. App. 243. And the attorney has the right to have his fees so taxed. Beach on Receivers, sec. 753, p. 810; Railroad v. Wilson, 138 U. S. 501; Robinson v. Land Co., 80 Mo. App. 626; Trustees v. Gronnough, 105 U. S. 527.  And such costs must be paid out of the funds in the receiver's hands. Robinson v. Land Co., 80 Mo. App. 626; Homan v. Briton, 88 Mo. 556.  (3)  Even if the court was right in assuming that the order of February 1, 1902, was a final judgment, still his fees being a part of the costs may be taxed at a subsequent term of court.  Clark v. Hill, 33 Mo. App. 121; Turner v. Briton, 66 Mo. App. 383; Clinton v. Railroad, 78 Mo. 575.

## STATEMENT.

In October, 1897, in the above entitled proceeding, the defendant building association was adjudged insolvent and a receiver appointed to wind up its affairs; the receiver qualified and in September, 1900, made application to the division of the circuit court, of the city of St. Louis wherein the action was pending, for an allowance on account of their respective services in the administration of the affairs of defendant, to his counsel and himself, and $150 was ordered paid to each from the funds then in custody of the receiver amounting to $600. This application was accompanied by an itemized statement of the counsel detailing his professional services with a total charge of $385.  The receivership appears to have remained inactive and dormant, until about February, 1902, when the court made an order approving

a commissioner's report (not exhibited in the record), and found a balance of $808.67 in the hands of the receiver, from which it directed the receiver to pay the court costs, $20.25, the commissioner $50, and a dividend of ten and two-fifths per cent upon the preferred claims, which dividend would aggregate $732.14, and retain balance, $6.18 to cover costs of payment of dividends and upon filing vouchers showing compliance with above, the receiver to stand discharged.

The record next discloses that upon application of the corporation, the surety on bond of receiver in penal sum of $1,000, October 7, 1902, the court ordered the receiver to show cause why he had not complied with prior order made in February above mentioned, and on October 17th the court made further order, that, it appearing to the satisfaction of the court that the receiver would comply with the order of February 1, 1902, the receiver was again directed to pay to the respective parties the allowances therein made or pay the same into court for their use, and on October 25th the receiver paid into court $652.47 in obedience thereto. On October 24, 1902, appellant, counsel for the receiver, filed a petition or motion setting forth that, excepting $150, he had received no portion of his account for services, a bill of items of which was filed therewith, and of which a balance of $285 remained due to him unpaid. That he had been first advised October 23rd, of the order of October 17th and he asked the court to set aside said order and direct the receiver to hold the funds in his hands, until the court could pass upon his rights and allow his claim and direct its payment by the receiver. On November 7th, the court declined to hear any testimony in support of the appellant's application or to entertain it. November 7th appellant filed a motion to set aside order overruling his former motion which the court, November 17th, overruled and upon motion of a preferred claimant ordered the clerk to pay the latter from the fund in court a sum named. November 19th appellant

filed further motion to set aside order directing payment of preferred creditor and for order requiring repayment of amount paid him and other amounts paid such creditors by the clerk of the court. November 24th the court sustained motion for rehearing and ordered appellant's motion for allowance reinstated and submitted for further consideration and again overruled both motions December 22d, and this appeal ensued.

REYBURN, J. (after stating the facts as above).— The allowance for services of the counsel of the receiver is a part of the taxable costs in the proceeding, and such costs have a priority over all other demands against the funds in the receiver's hands. Beach, Receivers, sec. 753 and p. 810. Our statute, affirming this general principle, has made provision in express terms for just and reasonable allowances to be made by the court in favor of a receiver for his services and expenses and for such allowances to be taxed and paid as costs in the cause. R. S. 1899, sec. 755. A fair interpretation of this statute would comprehend as items of the receiver's expenses the services of his attorneys in the administration of the estate, the subject of the receivership.

For the purposes of this proceeding, it is needless to consider or determine whether the action of the court in ordering distribution in February, 1902, constituted a final judgment; if it be conceded for argument's sake that this order be regarded as a final judgment, which we do not decide, yet the court undoubtedly had the power at a term subsequent not directly succeeding to make an allowance of fees for receiver's counsel. In Turner v. Butler, 66 Mo. App. 380, a referee's fees were allowed and taxed at a term other than and after that at which judgment was rendered; and considering the distinct objection made at the circuit court was without jurisdiction to make such allowance after lapse of the term at which final judgment was rendered, the Kansas

City Court of Appeals sustained the trial court. Again this court in Clark v. Hill, 33 Mo. App. 116, in opinion rendered on motion for rehearing says: "There is nothing in the statute which prevents this [in retaxing costs] being done at a subsequent term; on the contrary as a matter of practice, it is almost always done at a subsequent term." In State ex rel. v. R. R., 78 Mo. 575, the court sustained a motion to retax costs so as to embrace an attorney's fee, after the judgment and costs as first taxed, had been paid and two years and more later. This case also, while not in express terms overruling the case of Ladd v. Cousins, 52 Mo. 454, in which it was held that an allowance to a garnishee can not be made at a term subsequent to that at which final judgment was rendered, being subsequent robs it of controlling authority. No reason can be perceived why the trial court was not empowered to allow such an item of taxable costs of the proceeding even at a term following that term of court at which final judgment had been held.

Appellant was entitled to be heard upon his application presented, and any balance, found justly due him for legal services rendered the receiver in the conduct of the administration of the estate, should be allowed as part of the taxable costs of the proceeding, to be paid as other court costs from the funds in the custody of the court, prior to payment of any dividend to the secured creditors. The judgment is accordingly reversed and the cause remanded to be proceeded with in accordance with this opinion. *Bland, P. J.,* and *Goode, J.,* concur.