SOWLES v. FIRST NAT. BANK OF PLATTSBURGH et al.

(Circuit Court, D. Vermont. November 29, 1904.)

1. EQUITY PRACTICE—REHEARINGS—NEWLY DISCOVERED EVIDENCE.
    Defendant agreed to pay plaintiff one-half of anything she could col-
    lect on a judgment held by defendant. An attachment suit was accord-
    ingly brought, but defendant dismissed the same, and compromised with
    the judgment debtor. Plaintiff sued to recover her proportion of the
    amount due on the judgment, but failed to show, by competent evidence,
    that the debtor owned any particular property which was covered by the
    attachments. Consequently a decree was entered allowing plaintiff merely
    one-half of what defendant actually received from the judgment debtor.
    On motion for rehearing plaintiff offered to show, by alleged newly dis-
    covered evidence, certain facts as to the interest the judgment debtor
    had in his father's estate which could be reached by the attachment.
    The inventory of the estate had been on file in the probate court for
    years, and the interest of the judgment debtor could have been proved
    before the testimony was closed, by proving the appraisal and calling the
    administrator. So, in the attachment suit, judgment could have been

taken and execution levied upon such interest, or the administrator could have been followed and compelled to make disclosure under the state procedure. None of these things was done. *Held*, that no sufficient diligence was shown to warrant a rehearing.

2. PARTIES—PERSONS BENEFICIALLY INTERESTED—PROTECTION OF RIGHTS.

The court will protect a party interested in the judgment to be obtained in a suit, and who has control of the same by counsel, against any unjust discharge by the plaintiff of record and party interested in the remainder of the judgment.

3. COURTS—JURISDICTION OF FEDERAL COURTS—WANT OF DIVERSE CITIZENSHIP.

One not a party to a suit in a federal court, and who, for want of diverse citizenship, cannot be made a party, cannot be followed in that court on the ground of collusion between himself and defendant to defeat plaintiff's rights.

In Equity.
See 130 Fed. 1009.

Edward A. Sowles, for plaintiff.
Fuller C. Smith, for defendant bank.

WHEELER, District Judge. This cause has been heard upon a motion for rehearing by the plaintiff because of alleged newly discovered evidence, and of the defendants Sowles for leave to file a cross-bill. The evidence relates to the interest of D. Noyes Burton, as only son and heir in the estate of Oscar A. Burton, which the oratrix might reach under the agreement with the defendant bank that she might have half of what she should collect of him for the bank. What there is that is really new is the entry of a formal settlement of the administrator's account on consent of Burton in the probate court. The important thing was the interest he had in his father's estate that could be reached. The inventory of that estate had been on file in that court for years and showed the estate which could have been followed up by the oratrix, as a person interested, in that court, and she could have taken judgment in the suit in the name of the bank, and have levied execution upon the interest of the son as heir. And she could have proved that interest in this case before the testimony was closed by proving the appraisal and calling the administrator. Nothing appears to have been done and no diligence is shown in that behalf. It would be contrary to all principles of due procedure in ending litigation to open the case for further testimony after the oratrix had so long a time in which to collect the judgment against Burton, and so full an opportunity to show that she could have collected more if the bank had not discharged the claim. The administrator was summoned as trustee of Burton, and could have been followed, and compelled to make disclosure under the state procedure in such cases; but nothing appears to have been done in that or any direction from the commencement of the suit, in August, 1895, to the time of the discharge of Burton by the bank, April 1, 1899. The O'Neil farm appears to have been the clearest property to reach which descended to Burton, as sole heir, and could have been levied upon between those dates as well as now; but it was appraised at $10,500, and mortgaged for $7,000, with interest bond running, and it is not clear that much of anything could be realized on exe-

cution from it. Besides this, the plaintiff had control of the suit in the state court by her counsel, and that court would, on familiar principles, have protected her rights against any unjust discharge by the bank. And Burton is not a party here, and could not be, for want of diverse citizenship; so he cannot be followed here for any collusion with the bank to defeat the plaintiff's right.

· Motions denied, and decree as before directed.