ATHANASI NICOLA v. AMERICAN CAR & FOUNDRY COMPANY HANS WULFF, Surviving Partner, Claimant, Respondent; AMERICAN CAR & FOUNDRY COMPANY, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. **ATTORNEY AND CLIENT: Protection of Attorneys' Lien: Procedure.** Where a judgment and the execution issued thereon are endorsed as satisfied by the plaintiff, and the lien of his attorney, under Secs. 964, 965, R. S. 1909, has not been satisfied, a motion will lie on behalf of the attorney to set aside the satisfaction *pro tanto* and to issue execution to satisfy his lien.

2. **JUDGMENTS: Vacation of Satisfaction for Fraud.** Where third persons are not interested in the judgment, and no part thereof has been assigned with notice to the judgment debtor, payment of the full amount of the judgment to the sheriff, on execution, satisfies the judgment; but where a fraud

has been perpetrated upon a third party, the satisfaction will be vacated and the judgment enforced in behalf of such person.

3. ————: Assignment: Rights of Assignee. Where a judgment has been assigned and the judgment debtor notified thereof, the rights of the assignee will be protected against the acts of the original parties.

4. ————: Attorneys' Lien: Scope of Operation. The Attorneys' Lien Act (Secs. 964, 965, R. S. 1909) affixes the lien against the cause of action and continues it throughout the suit, until it is merged in the judgment and satisfied, and such lien operates as an assignment of the judgment, *pro tanto*.

5. ————: Protection of Attorneys' Lien: Vacating Satisfaction of Judgment. Where the former attorneys for plaintiff notified defendant of their lien upon any recovery obtained by plaintiff, as required by the Attorneys' Lien Act (Secs. 964, 965, R. S. 1909), the lien operated as an assignment *pro tanto* of the judgment, and payment to the sheriff, who held the execution, and who had no knowledge of the attorneys' lien, did not satisfy the judgment as against such lien.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

Affirmed.

*Watts, Gentry & Lee* for appellant.

On the agreed statement of facts the administrator of the partnership estate of Stein & Wulff is not entitled to recover on his motion. No settlement was made with the plaintiff within the meaning of sections 964 and 965, Revised Statutes of Missouri, 1909, giving a lien to attorneys in certain cases, and no money was paid by defendant to the plaintiff. A judgment was rendered and execution having been issued, there was no course open to the defendant but to pay the money to the sheriff. The money was thus placed *in custodia legis,* and the defendant, by paying the sheriff, was entirely relieved of the judgment, including Hans Wulff's interest therein. Lawson v. Tel. Co., 164 S,

W. 138. Payment to a sheriff who holds an execution, satisfies the judgment, and creditors must then look to the sheriff. Blair v. Caldwell, 3 Mo. 353; Trigg v. Harris et al., 49 Mo. 176.

*Brownrigg & Mason* for respondent.

Where an interest in a judgment has been assigned and the judgment defendant, with notice of this assignment, pays an execution issued for the entire amount of the judgment in favor of the execution plaintiff, and the sheriff endorses satisfaction on the execution by reason of such payment, such satisfaction may be set aside on motion in the original case. Laughlin v. Fairbanks, 8 Mo. 367; Wait v. Railroad, 204 Mo. 503

NORTONI, J.—This is an appeal from an order of the court setting aside the satisfaction of an execution and judgment and ordering a new writ of like character to issue against defendant in favor of plaintiff Wulff, who is administrator, as surviving partner of the firm of Stein & Wulff, attorneys at law.

One Nicola was injured while in the employ of the American Car & Foundry Company and employed the law firm of Stein & Wulff to prosecute his cause of action against defendant on account of such personal injury. Nicola contracted in writing with his attorneys, Stein & Wulff, to the effect that they should be compensated in the amount of thirty per cent of the recovery in such case, and notice of such employment and contract was duly served on defendant under the Attorneys' Lien Act (sections 964, 965, R. S. 1909). Stein & Wulff instituted suit upon plaintiff's cause of action against defendant, but, subsequently, through no fault on their part, Nicola dismissed them as counsel and employed other attorneys to further prosecute the case.

The original suit instituted by Stein & Wulff was dismissed and a new one instituted on the same cause of action by the attorneys so subsequently employed by Nicola. After vicissitudes and changes from court to court, the cause of action, which was charged with the lien in the first instance in favor of Stein & Wulff was merged in a judgment of the circuit court of the city of St. Louis through the efforts of the attorneys so subsequently employed. In the meantime, Stein departed this life and Wulff was duly appointed by the probate court administrator of the partnership estate of Stein & Wulff. Wulff notified the attorneys for defendant that he intended to insist upon the attorneys' lien to compensate the claim of the firm of Stein & Wulff of which he was administrator and surviving partner. It appears that judgment was finally rendered in favor of Nicola against defendant American Car & Foundry Company on the original cause of action, by agreement between Nicola's new attorneys and defendant, in the amount of $2250 and that an execution also was issued on the same day against defendant for such amount and cost of suit and placed in the hands of the sheriff. Defendant paid the amount of the judgment and cost to the sheriff promptly and the sheriff indorsed the execution satisfied, and the sheriff's execution docket was likewise indorsed satisfied by plaintiff Nicola and returned.

It is conceded that the sheriff had no knowledge of the claim of Stein & Wulff in the premises and it is conceded, too, that defendant was fully advised with respect of the same. Indeed, touching this matter, it appears that, besides the original notice to defendant, Wulff verbally notified its attorney that he still claimed the attorneys' lien to compensate the claim of thirty per cent of the recovery under contract with Nicola, and requested such attorney to notify him of any settlement of the case or of any money to be paid in satisfaction thereof, in order that he might protect

such claim, and defendant, through its attorneys, declined to make such promise and refused to notify Wulff concerning the matter. After Wulff ascertained the fact that a judgment of $2250 had been given by agreement in favor of plaintiff against defendant and execution issued thereon and the amount paid and execution and judgment indorsed satisfied, on the same day he filed his motion in the circuit court to set aside such satisfaction of the execution and judgment and prayed the court to order the issue of an execution in his favor for the amount of the claim of Stein & Wulff —that is, $709.18. This motion the court sustained and ordered the satisfaction of the judgment and execution to be canceled and a new execution in favor of the claimant Wulff to satisfy the attorneys' lien of Stein & Wulff.

Generally speaking such a course of procedure— that is, by motion—is a proper one as has been heretofore determined. [See Wait v. Atchison, T. & S. F. R. Co., 204 Mo. 491, 503, 103 S. W. 60; Young v. Renshaw, 102 Mo. App. 173, 76 S. W. 701. See, also, Curtis v. Metropolitan St. R. Co., 118 Mo. App. 341, 94 S. W. 762.] But it is argued that the court erred in sustaining the motion of Wulff and issuing a new execution in his favor to satisfy the attorneys' lien of Stein & Wulff, for the reason that the payment of the amount of the judgment on execution to the sheriff must be regarded in every case as a satisfaction of judgment on the part of the defendant and the lien claimant must then look to the sheriff to compensate his claim. When no third persons are interested in the judgment or no assignment of any part thereof has been had with notice to the judgment debtor of such assignment, it is, no doubt, true that payment of the full amount of the recovery to the sheriff on execution concludes the matter, for then the original parties alone are concerned. [See Trigg v. Harris, 49 Mo. 176.] But such

185MoApp19

is not true in every case, for it may be the circumtances disclose a fraud upon the rights of a third party and no one can doubt the power of either a court of law or equity to reckon with such a situation. There is said to be an exception to the general rule that payment of the judgment operates to extinguish it in those cases where its application would work a fraud upon a third party. In such cases, the satisfaction may be vacated and thereupon the judgment will again be enforced. [See 23 Cyc. 1495.] The courts endeavor to protect a party interested in the judgment from an unjust discharge by the plaintiff of record. [See Sowles v. First National Bank, 133 Fed. 846; Bowman v. Forney, 15 Pa. 134.] In this view, when it appears a judgment has been assigned and the judgment debtor is advised of its bona-fide transfer, the rights of the assignee will be protected from any and all acts of the original parties which tend to defeat the rights of such assignee. [See 23 Cyc. 1425; Holland v. Dale (Ala.) Minor, 265. See, also, Laughlin v. Fairbanks, 8 Mo. 367.] Indeed, in the case last cited, our own Supreme Court declared the rule where the execution in the hands of a sheriff had been indorsed satisfied at the instance of the plaintiff in the judgment, when such satisfaction appeared to defeat the rights of the assignee of two-thirds of the judgment, after notice to the defendants therein. The court said it was proper to vacate the satisfaction on its appearing that the defendant in the judgment had notice of the assignment. [See Laughlin v. Fairbanks, 8 Mo. 367.]

In the instant case, it is certain the claimant, Hans Wulff, would have no rights against the sheriff, for it is conceded the sheriff was wholly ignorant of his claim. On the other hand, it is conceded that defendant knew of the claim of Stein & Wulff, not only through the original notice served at the time the first suit was instituted on Nicola's cause of action, but subsequently through notice to defendant's attor-

ney.  The Attorneys' Lien Statutes (sections 964, 965, R. S. 1909) affix the lien against the cause of action in suit and continue it there throughout until it is merged in the judgment and satisfied.  It obtains both before and after judgment and insures the right of the attorney holding it to be compensated from the proceeds of the judgment.  Under the construction placed upon these statutes, it is said the lien operates as an assignment *pro tanto* of the judgment itself, and no one can doubt that a defendant duly notified must treat with the subject-matter as though the judgment has been assigned with consent to the lienor to the extent of his claim.  [Lawson v. Missouri & Kansas Tel. Co., 178 Mo. App. 124, 164 S. W. 138; also Young v. Renshaw, 102 Mo. App. 173, 76 S. W. 701.  See, also, the reasoning in Wait v. Atchison, etc. R. Co., 204 Mo. 491, 103 S. W. 60.]  The judgment having thus been in part assigned to Stein & Wulff with full notice to defendant and with its consent, in point of law it was competent for the court to vacate the satisfaction of record and order a new execution to the end of protecting their rights.  [See Laughlin v. Fairbanks, ( Mo. 367.]  The fact that the judgment was entered by agreement for $2250 and execution issued the same day thereon and payment made by defendant to the sheriff immediately, so as to enable plaintiff Nicola to at once indorse the sheriff's execution docket satisfied are amply sufficient to sustain the finding of the court, in view of the further fact that notice to defendant of the assignment *pro tanto* was theretofore duly given.

It is urged defendant might have paid the money into the registry of the court and thus discharge itself, and the case of Lawson v. Missouri, etc., Tel. Co., 178 Mo. App. 124, 164 S. W. 138, is cited, wherein such remark appears.  It is said this payment to the sheriff must constitute a like discharge.  The question was not present in that case and whatever is said thereon

is *obiter* and the same is true of this one. However, it may be that such was a proper course to pursue, had defendant filed a bill of interpleader in conjunction therewith and called the two claimants of which it had notice into court, with a view of determining their rights in the fund. Nothing of this kind was done and it is not in the case.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.