T. J. MILLER, Plaintiff, v. E. P. HENDERSON and LILLIE HENDERSON, Defendants.

Springfield Court of Appeals, June 19, 1919.

1. **JUDGMENT: Collection: Evidence.** Satisfaction of judgment, signed by judgment creditor, reciting judgment having been paid off and discharged, introduced in evidence by judgment debtor in proceeding by attorney of judgment creditor to enforce his attorney's lien, is prima-facie evdence of collection of the judgment.

2. **ATTORNEY AND CLIENT: Attorney's Lien: Notice to Adverse Party.** Under Revised Statutes 1909, sections 964, 965, as to attorney's lien for compensation, the adverse party is required to take notice of agreement of plaintiff and his attorney for fees made when action was brought; but to be chargeable with notice of agreement after judgment increasing compensation, he must be given actual notice.

On motion on Oscar B. Elam, Attorney for T. J. Miller Appellant.

Appeal from Barry Circuit Court.—*Hon. Charles L. Henson,* Judge.

REVERSED AND REMANDED.

FARRINGTON, J.—This proceeding was begun by Oscar B. Elam, an attorney for the purpose of enforcing payment of an attorney's fee under section 964, Revised Statutes of Missouri, 1909. His motion seeks to set aside the satisfaction of a judgment to the amount claimed by him as his attorney fee, and that an execution issue for his use and benefit to enforce the payment of his fee.

The facts of the case are, as shown by the record, that Oscar B. Elam was the attorney for one T. J. Miller in a suit against E. P. Henderson and Lillie Henderson, defendants. That a judgment was rendered in Miller's favor on July 11, 1911. The testimony of Elam is that he had an agreement with Miller, the plaintiff in that suit, that his compensation was to be his expenses and ten per cent. (10%) of the amount realized on execution. The facts further develop that there was realized on execution shortly after the judgment was rendered the sum of $1108, and that attorney Elam received the full amount due him up to that time under his agreement out of this sum. According to his testimony, and it is all that was introduced in the trial of this motion, he and Miller, his client, during the latter part of July, 1911, after they realized that there was no further property in sight out of which to make the judgment by execution, entered into a new agreement as to the amount he was to receive, which agreement he says was that he should receive fifty per cent. (50%) of any additional amount realized by the plaintiff out of this judgment, there being something over $700 balance due on it at that time.

He testifies further that sometime about November, 1917, while attending to some othere litigation between

these same parties, he learned that the Hendersons had paidthe balance of the judgment to his client, the plaintiff · Miller. That upon examining the judgment in the circuit court he found the following memorandum attached thereto:

"Cassville, Mo., 191—.

W. R. Hale, clerk of the Barry County Circuit Court:

The judgment of T. J. Miller against E. P. Henderson and Lillie Henderson, dated July 11, 1911, in the circuit court for Barry county, Book U, at page 24, having been paid off and discharged, I hereby acknowledge satisfaction in full and release the said judgment this 28 day of November, 1913.

(Sign here).            T. J. MILLER, Plaintiff."

The defendants' attorney then introduced in evidence this memorandum last referred to, signed by T .J. Miller, the plaintiff.

The court overruled the motion filed, and it is from this order overruling his motion that the appeaal is brought here. The theory on which the trial court overruled the motion is shown in the abstract which is presented to us, the reason given being because it found that there was no evidence that Miller had ever realized anything on this judgment subsequent to the recovery of the $1108 on execution, for which amount appellant here admits that he was paid.

The attorney, Elam, contends that the introduction of the memorandum purporting to satisfy the judgment, offered by the defendants, was proof that the balance of the judgment, amounting to some seven hundred dollars, had been fully paid, for which amount he seeks to hold the defendants under the statute. The trial court was of the opinion that the introduction of this satisfaction of the judgment by the defendants, which satisfaction states that the judgment was paid off and discharged and satisfied in full, was no proof that Miller had actually realized anything on his judgment, and hence there being a failure of such proof the appellant was not entitled to have his motion sustained.

We are not inclined to agree with the trial court as to the matter of proof of the payment. The defendants offered this memoradum in evidence, and certainly in the absence of any other proof it is prima-facie evidence that Miller did collect the balance of his judgment. Besides, Elam testified, without objection, that Henderson told him that he had paid the balance of the judgment to Miller. We, therfore, must hold that the trial court erred in holding that there was a failure of proof on the question of whether Miller had realized anything on his judgment. We, cannot, however, agree with appellant that he is entitled to fifty per cent. (50%) of any amount realized by Miller over and above the $1108 under section 964, Revised Statutes of 1909. That section expressly provides that the compensation of an attorney for services, governed by an agreement not restrained by law, attached to the judgment in favor of his client and cannot be affected by any settlement between the parties before or after judgment.

The proof here clearly shows that attorney Elam, under his agreement made with his client, was entitled to ten per cent. (10%) of the amount realized on execution, and under section 964, Revised Statutes of 1909, the defendant was required to take notice of such contract as soon as the suit was commenced. This section does not pretend to cover contracts made between attorney and client subsequent to the judgment rendered in the suit, and such section does not pretend to give a defendant notice of the contract between plaintiff and his attorney made subsequent to the rendition of a final judgment on which the statute gives him a lien for his services. A new contract does not have such retroactive effect.

On the other hand, the following section 965, Revised Statutes of 1909, does provide that, "if a contract is made between client and attorney for legal services rendered or to be rendered, for a certain proportion or percentage of the proceeds of any settle-

ment of his client's claim or cause of action, either before the institution of the suit or action, *or at any stage after the institution of the suit or action,* (italics ours) and upon notice in writing by the attorney who had made such argeement with his client served upon the defendant,'' will be sufficient to protect the attorney in the collection of his fee, and no settlement can be made between the parteis after the defendant has received such notice that will defeat the attorney's right or lien in the cause of action or judgment.

The second section clearly embraces the protection of the contract here which Elam made with Miller for fifty per cent. (50%) of the amount realized, made after the judgment was rendered, and it is admitted by the attorney, Elam, that he never served any notice whatever on the defendants that he had such a contract with his clint, the plaintiff. He, on the other hand, is claiming that defendants must take notice of this contract which he made with his client after judgment under section 964, Revised Statutes 1909. This view is entirely erroneous, as in order to hold the defendants here on the subsequent agreeement the attorney must have complied with sction 965, Revised Statutes 1909, which he admits that he did not do.

The cases in this State, construing these statutes, do clearly hold that if an attorney has a percentage contract with a client to collect a claim from another, then after suit and service of summons is made on the defendant he shall have a lien upon his client's cause of action whether or not he complies with section 2 of the Attorneys' lien Act, now section 965, Revised Statutes, or not, and that his lien will not be affected by any settlement between the parties before or after judgment. [Wait v. Railroad, 204 Mo. 491, 103 S. W. 60; Nicola v. Car & Foundry Co., 185 Mo. App. 285, 170 S. W. 366; State ex rel. v. Active Bldg. & Loan Ass'n, 102 Mo. App. 675, 77 S. W. 171; Curtis v. Met. Street Ry. Co., 118 Mo. App. 341, 94 S. W. 762; Abbott v. Mining Co., 255 Mo. 378, 164

that in view of the fact that there is no acknowledg-
S. W. 563; Taylor v. Transit Co., 198 Mo. 715, 97
S. W. 155; Lawson v. Telephone Co., 178 Mo App.
124 164 S. W. 138.]

The original contract between the appellant here
and his client, according to appellant's testimony, was
that appellant would receive ten per cent. (10%) of the
amount realized on execution. We, therefore, reverse
the order of the trial court in overruling appellant's
motion, and remand the cause with directions to the
trial court to set aside the satisfaction of the judgment
so far as it affects this claimant, Oscar B. Elam, and
issue an execution against the defendants in favor of
the claimants, Oscar Elam, for such sum as the court
finds to be one-tenth of that part of the original judg-
ment on which said claimant has not already received
his ten per cent.

*Sturgis, P. J.,* and *Bradley, J.,* concur.