No. 22,170.

O. M. SHANKLIN and JOHN E. HEFFLEY, *Appellees,* v. MRS. PETER MANVILLE, *Appellant.*

### SYLLABUS BY THE COURT.

JUDGMENT—*Payment—Attorney's Lien.* A judgment debtor and creditor went together to the clerk of the court in which the judgment had been rendered. The debtor paid the costs to the clerk, producing also money to the amount of the judgment, which was taken and retained by the creditor, who executed a full release upon the record. Attorneys who had had a lien on the judgment for their fee in obtaining it sued the debtor therefor, and recovered. *Held,* that whether or not a judgment debtor may ordinarily relieve himself from all liability to a lien claimant by making payment in full to the clerk, that result did not follow in the present case, because it was not established that the clerk received the money, and because, whether or not the clerk was in fault, the judgment debtor was a party to the act which prevented the application of a part of the money to the lien.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed November 8, 1919. Affirmed.

*J. J. Baker*, of Troy, for the appellant.
*A. L. Perry*, of Troy, for the appellees.

The opinion of the court was delivered by

MASON, J.: O. M. Shanklin and John E. Heffley, as attorneys for Ernest Cook, obtained for him a judgment for $400 against Mrs. Peter Manville, in the circuit court of Buchanan county, Missouri. By the law of that state the attorneys had a lien upon the judgment for their fee of $127.20. Mrs. Manville paid the judgment, and Cook received the money. Shanklin and Heffley then sued Mrs. Manville, in the district court of Doniphan county, Kansas, for the amount of their lien. They recovered a judgment, from which Mrs. Manville now appeals.

Under the Missouri statute it has been said that a payment of a judgment to the clerk of the court releases the debtor from all liability, including that to the claimant of a lien. (*Lawson v. Telephone Co.*, 178 Mo. App. 124, 137.) The appellant contends that in this case it was conclusively established that such a payment was made, and therefore that the lien of the attorneys was discharged. The evidence showed that Cook, the judgment creditor, went to the office of the clerk of the circuit court with William H. Manville, who represented the debtor, Mrs. Manville; that money sufficient to satisfy the judgment and costs was laid down on the counter by Manville; that the deputy clerk who was present retained the amount of the costs, giving a receipt for it; and that Cook received the remainder, and wrote upon the record a statement that the judgment had been satisfied. There was a dispute in the testimony as to whether the deputy clerk at any time had actual possession of the whole amount. He said that $47.85 (the amount of the costs) was actually paid to him; that no other money came into his hands; and that he never had possession of the rest, so far as he knew—that it was counted out on the counter by Manville to Cook. Manville said he paid the entire sum to the deputy clerk, who, however, did not take the money in his hands. The trial court found generally for the attorneys claiming the lien, making no special findings. The conflict in

the evidence must therefore be regarded as having been resolved against the appellant, who must be deemed to have failed to establish to the satisfaction of the trial court such a payment to the clerk as would relieve her from further liability.

The statement of the Missouri (Kansas City) court of appeals already referred to, that a payment in full to the clerk discharges the judgment debtor from liability to a lien claimant, has been characterized by the St. Louis court of appeals as dictum. (*Nicola v. Car & Foundry Co.*, 185 Mo. App. 285, 291.) It seems reasonable, however, to suppose that ordinarily a payment to the clerk would have the effect stated, on the theory that the debtor would thereby be relieved of all responsibility for the proper distribution of the money, and the creditor would be obliged to look solely to the clerk. Here, however, even assuming that the clerk was in fault, the debtor not only knew of the payment of the full amount, including that covered by the lien, to the creditor, but was a participant in it. In such a situation the reason back of the general rule would fail, rendering the rule inapplicable.

The petition in the present case alleged that the release executed by Cook was later set aside by the court which had rendered the judgment. The answer included a general denial, and the abstract shows no evidence on this matter. The appellees' brief treats the allegation as admitted, and this assumption has not been challenged by the appellant. If such an order was made, it obviously strengthens the decision of the trial court.

The judgment is affirmed.