UNITED STATES of America,
Plaintiff,

v.

James E. BROOKS, et al., Defendants,

Matthew Bobich, Cross–Claim
Plaintiff-Appellant,

v.

James E. Brooks and Sandra Brooks,
Cross–Claim Defendants,

Ozark Mountain Bank, Cross–Claim
Defendant–Respondent.

No. 23724.

Missouri Court of Appeals,
Southern District,
Division One.

March 29, 2001.

Stuart H. King, William H. McDonald & Associates, Springfield, for Appellant.

Bryan T. Renfrow, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for Respondent.

SHRUM, Judge.

Appellant sought to collect a judgment debt via a writ of garnishment against all accounts of James and Sandra Brooks ("Brooks") at Ozark Mountain Bank ("Bank"). After the writ was purportedly served on Bank, Sandra Brooks closed her two accounts at the Bank. Appellant then moved for an order directing the Bank to pay into the circuit clerk's office an amount equivalent to what Sandra Brooks had withdrawn from her accounts. Following an evidentiary hearing, the court entered judgment for the Bank. This appeal followed. We affirm.

■■■ In a court-tried garnishment action, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *Cox v. Steck*, 992 S.W.2d 221, 223–24[1] (Mo.App.1999). Thus, we will affirm the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d at 32[1]. Where, as here, the trial court makes no findings of fact, we consider all fact issues to have been found in accordance with the result reached. *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 334 (Mo.App.1991). We are to sustain the judgment of the court if the result was correct on any tenable basis. *Id.*

The money judgment underlying this garnishment was initially entered by a federal district court in Alaska against James Brooks and in favor of Appellant. Later, an Alaska state court entered judgment against James and Sandra Brooks declaring that James had fraudulently conveyed certain property to Sandra. The Alaska state court adjudged, *inter alia*, Appellant could disregard the conveyance of the described assets to Sandra and "execute on or garnish James Brooks' ... interest in

such property and assets, or the proceeds thereof."

Appellant filed both Alaska judgments in Greene County, Missouri. He then had an execution issued in the case that contained the federal district court judgment and started this garnishment action against the Bank. Appellant did this in the apparent belief that part of the fraudulently transferred assets were in accounts there.

The sheriff's return recites service was accomplished "[b]y delivering a copy of the summons/writ to the garnishee[ ]" on January 29, 1999. At the time, a savings account at the Bank bearing Sandra Brooks' name and that of her son, Coy W. Brooks, had a balance of $99,974.26. Also, a checking account in those two names had a $1,920.37 balance.

On March 15, 1999, Appellant filed a "Motion For Pay In Order" against the Bank. On March 16, 1999, the Bank informed the court via letter correspondence that the savings account had been closed on February 3, 1999, and "[t]herefore, there are no longer any funds in that account in which to pay in to the court." The Bank also advised that the Sandra Brooks' checking account "no longer carries the balance mentioned in the pay-in order." Accordingly, the Bank sent an amount that was "less than the pay-in order describes."

Appellant filed an "Amended Motion For Pay In Order" on October 13, 1999. Appellant requested an order directing the Bank to "pay in" an amount equal to the balances in Sandra Brooks' two accounts at the time of the garnishment.

On October 25, 1999, Appellant filed in the Greene County circuit court two documents entitled "Satisfaction of Judgment." One such document concerned the money judgments previously entered against James Brooks in the Alaska federal district court. This satisfaction of judgment bore a "U.S. District Court" file stamp dated September 21, 1999. Sans caption and signature of Appellant's lawyer, the document reads:

### "SATISFACTION OF JUDGMENT"

"Final judgments were entered in the above captioned matter against James E. Brooks and in favor of [Appellant] on May 12, 1994, and on June 18, 1997. Pursuant to § 09.30.300 of the Alaska Statutes, notice is hereby given by [Appellant], that the judgments entered on May 12, 1994 and on June 18, 1997 has [sic] been fully satisfied."

"DATED, this 16 day of Sept. 1999."

The other satisfaction of judgment related to the "fraudulent conveyance" judgments and recited they had "been fully satisfied." The language in the body of the "fraudulent conveyance" satisfaction was identical to that quoted in the preceding paragraph, except the description of the released judgments differed. The state court file stamp on this document bore the date September 21, 1999.

At the trial of Appellant's "Amended Motion For Pay In Order," the Bank urged dismissal thereof, citing four reasons for its request. In part, the Bank argued for dismissal because the underlying judgments had been satisfied.[1] Es-

---

1. The Bank's other grounds for dismissal were (1) the sheriff's service of process was defective, (2) the execution could not support garnishment of Sandra's accounts as it was issued in the case containing the federal court's judgment against James only, and (3) the garnishment had an erroneous case number which bore no relation to the judgments against Brooks. These issues are the subjects

sentially, the Bank claimed that when Appellant filed the satisfaction of judgment documents, he extinguished the judgment for all purposes and, therefore, nothing remained to support any part of the garnishment case against the Bank.

To counter the Bank's argument, Appellant pointed to a document entitled "Amended Satisfaction of Judgment." This document, which Appellant filed in the Greene County circuit court on the day of trial (March 9, 2000), purported to amend the previously-filed satisfaction of the underlying money judgment as follows:

### *"AMENDED SATISFACTION OF JUDGMENT"*

COMES NOW [Appellant] ... and for his amended satisfaction of judgment, states to the Court as follows:

"1. Final judgments were entered in the above captioned matter against James E. Brooks and in favor of [Appellant] on May 12, 1994 and on June 18, 1997. Pursuant to § 09.30.300 of the Alaska Statutes, notice is hereby given by [Appellant] that [Appellant] have [sic] entered into a release and settlement agreement, which agreement fully resolves this litigation as to defendant James E. Brooks."

"2. Notice is further given that said release and settlement agreement does [sic] not contemplate the release of any claims of [Appellant] against any third parties not a party to said release including, without limitation, Ozark Mountain Bank, Garnishee and that [Appellant's] claim against Ozark Mountain Bank under the garnishment laws of the State of Missouri shall not be affected by the release and settlement agreement and/or this Amended Satisfaction of Judgment."

of the Bank's first, second, and fourth points

Appellant argued to the trial court that because the September 1999 satisfactions were "filed pursuant" to a settlement in which he reserved the right to pursue his claim against the Bank, the satisfactions did not "release the Bank of its obligation to pay over the funds garnished."

Since the trial court denied Appellant's "Motion For Pay In Order" without explication, the following is an issue on appeal: What effect did the satisfaction documents have on Appellant's garnishment case, if any? Appellant's only attempts at addressing this question are found in Point III of his brief, as follows:

"The trial court erred in denying [Appellant's] Motion For Pay In Order ... because the trial court's denial was against the weight of the evidence and/or was unsubstantiated by the evidence in that [Appellant] presented evidence that his Settlement and Release agreement with James E. Brooks and Sandra Brooks did not release or satisfy [Appellant's] rights as to the Bank and specifically preserved his claim against the Bank, and the Bank presented no contrary evidence."

Appellant's initial argument under this point advances the notion that "satisfaction of judgment" entries are governed by the same principles that govern "pleadings" in a civil case. Thus, he cites *Evans v. Eno*, 903 S.W.2d 258 (Mo.App.1995), for the proposition that once an amended pleading is filed, the original pleading is abandoned and may not be considered for any purpose; that "[a]n abandoned pleading is no longer in the case unless put in evidence and, even then, is not conclusive as to the fact alleged, and does not constitute a judicial admission." With these principles stated, Appellant contends "the only Satisfaction of relevance to this Court is the

on appeal.

Amended Satisfaction of Judgment, which specifically provides that [Appellant] reserves his claim against the Bank."

Appellant does not, however, cite a statute, rule, or case that authorizes an amended satisfaction of judgment or even discusses this as a procedural option. Appellant also leaves unsupported by authority his implicit argument that satisfaction of judgment documents must be governed and interpreted by principles that apply to pleadings. His failure to cite authority is not surprising, however, as we cannot find authoritative support for such arguments. We explain why this is so later in this opinion as we discuss garnishment actions and Missouri law regarding satisfaction of judgments.

In another disconnected and futile attempt to develop meaningful argument under Point III, Appellant writes:

"There is no controversy that the Satisfactions were filed pursuant to the Settlement and Release Agreement (Exhibit I). What the Bank must argue is that the settlement with ... Brooks and the Amended Satisfaction of Judgment as to ... Brooks also serves to release the Bank of its obligation to pay over the funds garnished."

. . . .

"The ... same argument [was addressed] in *Manar v. Park Lane Medical Center*, 753 S.W.2d 310 (Mo.App. 1988), in which the plaintiff reached a settlement of her claims against her doctors in a medical malpractice case and released the doctors, yet sought to continue with her derivative claim against the hospital. The hospital took the same position as that taken by the Bank herein-i.e., that the release of the underlying claim served to release the hospital, in that the claim against the hospital was based upon its derivative responsibility for the released doctors. *Id.* at

312. The court in *Manar* rejected said argument and held that the release of the doctors did not serve to release the hospital even if the claim was wholly derivative."

. . . .

"This issue is also addressed in Mo. Rev.Stat. Section 537.060, which specifically provides that the release of one defendant 'shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide.' Thus, under the provisions of Section 537.060, the Bank would not be discharged even if the Settlement and Release agreement was silent as to the claim against the Bank. [Appellant's] right to continue with his claim against the Bank is even more clear in this action in that said claim was specifically reserved."

"Based upon the foregoing, [Appellant's] settlement with and release of ... Brooks does not serve to discharge the Bank."

The cases and statute cited in this excerpt from Appellant's brief are not on point. They involve the dismissal of a joint tortfeasor and the right of a plaintiff to continue its claim against unreleased joint tortfeasors. The Bank, as garnishee, was not a joint tortfeasor with James and Sandra Brooks in the underlying Alaska litigation.

 Garnishment in aid of execution is a remedy established and governed by chapter 525 RSMo and Rule 90. It is an incidental remedy by which a judgment creditor may collect the judgment by reaching the judgment debtor's property in the hands of a third party. *State ex rel. Eagle Bank and Trust v. Corcoran*, 659 S.W.2d 775, 777 (Mo.banc 1983). Since garnishment is merely an ancillary remedy, a valid judgment and valid execution

are indispensable prerequisites to a valid garnishment. *Dunn v. Bemor Petroleum,* 737 S.W.2d 187, 189 (Mo.banc 1987). Stated otherwise, if there is no underlying judgment in the main case, there can be no valid execution and, consequently, nothing to support a garnishment proceeding. *Flynn v. Janssen,* 284 S.W.2d 421, 422–23 (Mo.1955).

In Missouri, the acknowledgement of satisfaction of a judgment by a judgment creditor is prima facie evidence that the judgment has been paid, *Miller v. Henderson,* 203 Mo.App. 233, 213 S.W. 887, 888 (1919), and if the acknowledgement of satisfaction is *bona fide* and correctly done, it forever discharges and extinguishes the judgment. *Industrial Loan Co. of Cape Girardeau v. Cutright,* 256 S.W.2d 300, 303 (Mo.App.1953) (quoting *Cohen v. Camp,* 46 Mo. 179, 180 (1870)). *See also, Osage Land Co. v. Kansas City,* 353 Mo. 1196, 187 S.W.2d 193, 197 (1945) (holding where personalty of substantial value was, by agreement of the parties, accepted in full satisfaction of judgment, the judgment was as effectively extinguished as if fully paid in money).

On the other hand, as between the parties, a satisfaction of judgment, although absolute and unqualified on its face, may nevertheless be cancelled and set aside *upon motion and proof* the satisfaction was entered by mistake, or procured by misrepresentation, fraud, duress, or undue influence, or was irregularly or improperly entered. *See Cohen,* 46 Mo. at 180; *Cutright,* 256 S.W.2d at 303; *Kelley v. Kelley,* 290 S.W. 624, 627–28 (Mo.App. 1927); *Ekonomou v. Greek Orthodox*

*Church St. Nicholas,* 280 S.W. 57, 58 (Mo. App.1926). *See also, Jackson County v. Hesterberg,* 519 S.W.2d 537, 539 (Mo.App. 1975); *Hardin v. Hardin,* 512 S.W.2d 851, 855 (Mo.App.1974); 50 C.J.S. *Judgment* § 691 at 227–28 (1997).

Here, the original satisfaction of judgment documents appear on their face to be *bona fide* and correct in form, and thus, appear to forever discharge the Alaska judgments. Specifically, they identify and describe the judgments being released, recite that the judgments are "satisfied in full," and are signed by Appellant's lawyer. In form and content, the documents comply with the applicable procedural rule for satisfying a judgment. *See* Rule 74.11.[2] Appellant does not contend otherwise nor has he ever sought an order vacating the original satisfactions.

If it was Appellant's claim that the satisfaction filings were made by mistake or were not *bona fide* for any other reason, all he needed to do was file with the court a motion to set aside the satisfactions. *See Cutright,* 256 S.W.2d at 303. Arguably, a motion to set aside the satisfactions could not have been heard in this ancillary garnishment action or considered without the Brooks, the judgment debtors, being parties. We need not address those issues, however, because Appellant *never* asked for vacation of the satisfaction documents. Under the circumstances, the unchallenged satisfactions of judgment serve as absolute and unqualified discharges and extinguishments of the judgments. *Id.; Miller,* 213 S.W. at 888. Upon satisfaction of the judgments, nothing remained for the so-called "amended satisfactions" upon which

---

**2.** In pertinent part, Rule 74.11 provides:

"(a) Acknowledgement of Satisfaction. When any judgment ... is satisfied otherwise than by execution, the judgment creditor shall immediately file an acknowledgment of satisfaction."

"(b) Who May Enter Satisfaction. Satisfaction may be entered by the judgment creditor [or] his attorney of record...."

to act. The "amendments" were meaningless and supported nothing. Moreover, extinguishment of the judgments meant there could no longer be a valid execution and, consequently, nothing to support any part of the garnishment proceeding, including the "Amended Motion For Pay In Order." *Flynn,* 284 S.W.2d at 422–23. The trial court did not err when it entered judgment denying Appellant's motion for pay in order. Point III is denied.[3]

The judgment of the trial court is affirmed.

PARRISH, P.J., and MONTGOMERY, J., concur.

---

**3.** We do not address the Bank's other points on appeal, *see* n. 1, as our deciding Point III adversely to the Bank provides a tenable basis for affirming the trial court's judgment. *In re Estate of Looney,* 975 S.W.2d 508, 519[28] (Mo.App.1998).