Edgar T. FARMER, Successor Trustee,
Plaintiff–Respondent,

v.

Kathryn MILLER, Defendant–Appellant,

and

Transamerica Financial Services,
Defendant–Respondent.

No. 53491.

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 1988.

Susan M. Hais, Clayton, Alan H. Kandel, Popkin & Stern, St. Louis, for defendant-appellant.

Stephen C. Hiotis, Fordyce & Mayne, Clayton, for plaintiff-respondent.

CRIST, Judge.

Kathryn Miller (mother) appeals the trial court's judgment in interpleader awarding the surplus of a foreclosure sale to the holder of a second deed of trust on the property. We affirm.

Donald Lee Duncan (father) and mother were divorced on April 17, 1973, and a judgment for child support was entered in favor of mother. Father remarried and on October 26, 1977, he and his second wife purchased real estate as tenants by the entireties and executed a deed of trust on said real estate securing the payment of their joint note.

On November 4, 1983, a child support judgment was entered against father. That judgment was abstracted November 17, 1983. On April 25, 1985, father and second wife executed a second deed of trust to defendant-respondent Transamerica Financial Services (Transamerica).

The first deed of trust was foreclosed on July 29, 1986, and a trustee's sale was held which left a surplus of $10,577.65. Both mother and Transamerica claimed the surplus and the trustee filed an interpleader action in the circuit court to determine who had the right to the surplus. The trial court granted summary judgment in favor of Transamerica and ordered the surplus, less the successor trustee's expenses and attorney's fees, to be paid to Transamerica. Mother appealed on the grounds that she, as a prior lienholder, was entitled to the surplus.

Mother's appeal has no legal merit. In neither her point relied on nor the argument portion of her brief does she cite authority for the proposition that she is the prior lienholder. The law is well settled that a debt by one party cannot create a lien on property held as tenants by the entirety. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shackelford*, 591 S.W.2d 210, 215[9] (Mo.App.1979); Section 454.-528.1, RSMo 1986 (gives authority for a lien for child support against jointly held property *except* property held in the name of a husband and wife).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.