Jean Kirk MEYER, Plaintiff-Respondent,

v.

Allan William MEYER, Defendant,

v.

"MCI CORP.", Garnishee.

No. 38942.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 29, 1978.

Armstrong, Teasdale, Kramer & Vaughan, William J. Travis, St. Louis, for garnishee.

John T. Sluggett, III, Clayton, for plaintiff-respondent.

KELLY, Judge.

This is an appeal by the MCI Telecommunications Corporation, a Delaware Corporation, from a default judgment entered against MCI Corporation in a garnishment proceeding instituted by Jean Kirk Meyer to collect delinquent maintenance and child support payments from her former spouse, Allan W. Meyer, in the sum of $6,200. Because we conclude the service requirements of § 525.050 RSMo. 1969 and Rule 90.04 V.A.M.R. were not observed by the service of the notice of garnishment on one Ronald Graham, the St. Louis Marketing Manager for MCI Telecommunications Corporation on August 16, 1976, the judgment of the trial court is reversed.

On August 6, 1976, Mrs. Meyer obtained an execution from the Circuit Clerk of St. Louis County and a garnishment directed to "MCI Corporation, 720 Olive St., St. Louis." The Sheriff of the City of St. Louis filed a return on November 8, 1976, wherein he stated that he had obtained service on MCI Corporation on the 16th day of August, 1976, by delivering the written declaration to "Ronald Graham, St. Louis Sales Manager of said corporation, he being in the business office of said corporation and having charge thereof, . . . ." The garnishment was returnable November 4, 1976.

On November 10, 1976, Mrs. Meyer filed interrogatories directed to "M.C.I. Corporation" but there is no indication in the record whether a copy of the interrogatories was ever sent to the garnishee.

On November 23, 1976, on application of Mrs. Meyer, a default was entered against the garnishee, "M.C.I. Corp." and on December 15, 1976, judgment was entered in favor of Mrs. Meyer and against the garnishee in the amount of $6,200 and costs. The evidence adduced at the inquiry on the default is not incorporated into this record on appeal.

On January 13, 1977, M.C.I. Telecommunications Corporation, entered its "special appearance" and on January 14, 1977, filed a Motion to Set Aside Default Judgment Taken Against "MCI Corp." One ground, among others, was of defective service.[1] On the same day appellant's motion was filed it was heard. Evidence was adduced in support thereof, and the trial court sustained appellant's motion and vacated the judgment of December 15, 1976.

On January 19, 1977, respondent filed her motion to set aside the order of January 14, 1977, vacating the judgment previously granted, or, in the alternative, for a new trial. On January 26, 1977, the trial court set aside and held for naught the order of January 14, 1977, vacating the judgment of December 15, 1976, and reinstated the judgment for $6,200 and court costs of December 15, 1976, on the grounds that (1) the garnishee was properly served, (2) the misnomer in the corporate name was immaterial, and the garnishee was not misled because it acknowledged the receipt of the writ of garnishment and subsequent interrogatories, and (3) the garnishee waived any imperfection by not taking affirmative action at an appropriate time.

1. The proper vehicle whereby defects in service should be raised in garnishment proceedings is by a motion to quash. *State ex rel. Auto Finance Company v. Collins*, 482 S.W.2d 529, 531[3] (Mo.App.1972); however, because the motion filed by the appellant here is essentially directed to the question whether it was served with process in accordance with law, we shall consider the motion to set aside the default judgment to include a motion to quash service of process.

A notice of appeal was filed by the appellant on February 4, 1977.

Both § 525.050 RSMo. 1969 and Rule 90.-04 V.A.M.R. require that notice of garnishment be served on a corporation in writing "by delivering such notice or a copy thereof, to the president, secretary, treasurer, cashier or other chief or managing officer of such corporation."

■ Garnishment is a purely statutory proceeding and strict compliance with the governing statute and Rule is essential. *Smith v. Bennett*, 472 S.W.2d 623, 628[3] (Mo.App.1971). The question for determination in this appeal is whether there is sufficient evidence from which the trial court could find that the garnishee was properly served, and this depends upon whether the evidence shows that Ronald Graham, at the time of service of the notice of garnishment, was a "chief or managing officer" of the garnishee within the meaning of those terms as used in § 525.050 RSMo. 1969 and Rule 90.04 V.A.M.R.

■ This appeal of a court tried case, is subject to the scope of review announced in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), and the judgment of the trial court should be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless the trial court erroneously declared the law, or erroneously applied the law; in exercising its power to set aside the judgment of the trial court on the ground that it is against the weight of the evidence, a reviewing court should do so with caution and with a firm belief that the judgment is wrong.

■ At the hearing on the motion the only witness was Ronald E. Graham. He was presented by the appellant. He testified that he was the "marketing manager" for MCI Telecommunications Corporation, a Delaware corporation, located at 720 Olive Street, St. Louis, from August through November, 1976, that he was still so employed as of January 14, 1976, the date of his testimony, and that he was not affiliated in any way with "MCI Corporation." He fur-ther testified that the registered agent for his employer in the State of Missouri was the United States Corporation Company. He stated he was not the president, secretary, treasurer, cashier or other chief or managing officer of MCI Telecommunications Corporation, and, although he was the marketing manager of the St. Louis branch office, he was not "in charge of" the office; a Mr. Becker was in charge of operations in the St. Louis office. The regional vice-president, and his immediate superior, was John R. Zerno, who was located in Chicago, Illinois. Mr. Graham admitted that he was served with a garnishment summons for "MCI Corporation" and then sent it on to Chicago.

On cross-examination, Mr. Graham remembered that he had a conversation with Mrs. Meyer's counsel on the telephone after he had been served with the writ of garnishment and that at that time Mr. Meyer was employed by MCI Telecommunications Corporation under his supervision. He also answered that he would call the corporation for which he worked "MCI."

The respondent offered no evidence.

We hold that the service of the notice of garnishment in this case was defective and that the trial court erred in denying appellant's motion to set aside the default judgment by reason of that fact.

The return of the Sheriff of the City of St. Louis, on its face, shows that service of the notice and the summons was had on the "St. Louis Sales Manager." The term "Sales Manager" is not a person designated by either the statute or the Rule for service of notice of garnishment, nor do Mr. Graham's duties, described in the evidence, constitute those of a "chief or managing officer" as the terms have been defined by the decisions of the appellate courts of this state, i. e. "a duly constituted executive officer whose authority and powers are such that he is regularly in control of the operations and business of the corporation." *Smith v. Bennett*, supra, 472 S.W.2d l.c. 627[1]; *State ex rel. Associated Transport Corp. v. Godfrey*, 464 S.W.2d 776, 778[1] (Mo.App.1971); *Blackburn Motor Company*

*v. Benjamin Motor Co.,* 340 S.W.2d 155, 158[2] (Mo.App.1960); *C. Rallo Contracting Company v. Blong,* 313 S.W.2d 734, 738[3] (Mo.App.1958). This is fatal to respondent's judgment, because, as we shall hereinafter point out, the trial court never acquired jurisdiction over the "res," i. e. the property of the defendant in the hands of the garnishee.

 The trial court held that the garnishee waived any imperfection in service. However, as this court pointed out in *Blackburn Motor Company v. Benjamin Motor Co.,* supra, 340 S.W.2d l.c. 160:

"Attachment and garnishment proceedings are in derogation of the common law and wholly the creation of statute. * * All of the requirements imposed by the statutory law must be strictly complied with and that is true of the requirements governing service of the writ or notice of the garnishment. No voluntary act of the garnishee, not in strict compliance with the requirements of the statutes, can constitute a waiver of the statutory prerequisites. Every step of the law must be strictly followed insofar as the garnishee is concerned, before jurisdiction is acquired over the property of defendant in the hands of the garnishee. . . every step of the proceeding must find a clear sanction in the statutory law and the court cannot obtain jurisdiction over the property of the defendant in the hands of the garnishee through any act or consent of the garnishee that does not conform to the statutory requirements." [2]

The court in *C. Rallo Contracting Company v. Blong,* supra, explained the distinction in garnishment proceedings between the office of the notice of garnishment and the summons at p. 737 of the opinion. The notice of garnishment is the means by which the jurisdiction of the court is established over the property or debt garnished and is an indispensible prerequisite to jurisdiction over said property or debt. The summons is to bring the garnishee personally into court, and he may, by appearing generally and answering interrogatories, waive any defect in the service of the summons as to him personally. But jurisdiction of the court over the res can neither be waived nor conferred by consent. Where the court has not acquired jurisdiction over the res because the method of service of the notice required by law has not been satisfied, it may proceed no further because mere jurisdiction over the person of the garnishee does not carry with it jurisdiction over the res.

For the reasons aforesaid, the judgment of the trial court is reversed.

GUNN, P. J., and WEIER, J., concur.

---

**2.** To the same effect, see; *State ex rel. Auto Finance Company v. Collins,* 482 S.W.2d 529, 531[2] (Mo.App.1972); same case, on transfer, 496 S.W.2d 827 (Mo. banc 1973).