Shirley A. **FELTNER**, Respondent,

v.

**U.S. ARMY FINANCE AND ACCOUNT-ING CENTER, Garnishee of Bert Feltner, Jr.,** Appellant.

**No. 45498.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 14, 1982.

649

John K. Greider, St. Louis, for appellant.

Robert F. Summers, Clayton, for respondent.

REINHARD, Judge.

This is an appeal from the trial court's order denying appellant's motion to quash execution and garnishment. We find merit in the appeal and reverse the trial court's order.

On October 21, 1981, respondent filed a request for execution and garnishment against the garnishee, U.S. Army Finance and Accounting Center. On November 30, 1981, the garnishee filed an answer and subsequently paid $441.57 into the registry of the court. Appellant filed a motion to quash the garnishment asserting that there had been no service of notice and summons on the garnishee and the trial court was therefore without jurisdiction to proceed. The trial court denied appellant's motion and this appeal ensued.

Supreme Court Rule 90.04 provides for service of notice and summons on the garnishee pursuant to Rule 54.13 and proof of service pursuant to Rule 54.20. It is well settled that the purpose of the notice of garnishment is the means by which the jurisdiction of the court is established over the debt garnished and is an indispensable prerequisite to jurisdiction over the debt. The summons is to bring the garnishee personally into court, and he may, by appearing generally, waive any defect in the service of the summons as to him personally, but jurisdiction of the court over the *res* can neither be waived nor conferred by consent. Where the method of service of notice required by law has not been followed, the court does not acquire jurisdiction over the *res*. The trial court may proceed no further because mere jurisdiction over the person of the garnishee does not carry with it jurisdiction over the *res*. *Meyer v. Meyer,* 571 S.W.2d 477, 480 (Mo. App.1978); *C. Rallo Construction Co. v. Blong,* 313 S.W.2d 734, 737 (Mo.App.1958). *See State ex rel. Shaw State Bank v. Pfeffle,* 220 Mo.App. 676, 293 S.W. 512, 516–17 (1927).

In the present case, failure of the court file to reflect either service of the notice or proof of service as provided by the rules is fatal to respondent's position. By filing an answer, the garnishee submitted itself to the jurisdiction of the court, but the court did not thereby acquire jurisdiction over the *res*.

Reversed.

CRANDALL, P.J., and CRIST, J., concur.