Charles Boyd **WRY**, Appellant,

and

Kathleen Wry, Intervenor/Appellant,

v.

Rena (Wry) **WADE**, Respondent.

No. WD 43799.

Missouri Court of Appeals,
Western District.

Aug. 13, 1991.

Rehearing Denied Oct. 1, 1991.

Jay Dehardt, Kansas City, for appellant.

Don L. Cowan, Independence, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

FENNER, Presiding Judge.

Charles Boyd Wry and Kathleen Wry, husband and wife, appeal an Order granting a Motion for Summary Judgment in favor of Rena Wry Wade. The Order directed the Clerk of the Circuit Court of Platte County to pay the sum of $101,-299.25 to Rena Wry Wade, said sum representing the amount owed by Charles Wry in arrearages for child support and maintenance. The Order also overruled Charles Wry's Motion to Dismiss and Motion for Summary Judgment.

On December 20, 1979, the marriage between Charles Wry and Rena Wry Wade was dissolved by default judgment in the Circuit Court of Platte County, Missouri. Pursuant to the judgment, Charles Wry was ordered to pay $500.00 per month in child support for the benefit of the three minor children born to the marriage and $5,500.00 maintenance in gross.

On February 29, 1980, Charles Wry was ordered, pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), to pay the sum of $50.00 per week, plus $10.00 per week to be applied to an arrearage of $1,150.00, by the Circuit Court of Sumner County, Tennessee. This Order was filed in Platte County, Missouri, on March 11, 1980.

From February 4, 1983, through November 21, 1983, an URESA action was unsuccessfully attempted in Somerset County, New Jersey, culminating with an Order for Charles Wry to report his employment status being vacated due to his relocation to Arkansas.

Charles Wry filed a Motion to Modify Child Support in Platte County on December 17, 1985, but failed to obtain service on Rena Wry Wade.

At all times relevant to this appeal, Charles Wry has been lawfully married to Kathleen Wry and residing in Arkansas.

On July 29, 1987, Charles Wry was seriously injured in a trucking accident in Fulton County, Ohio. Charles and Kathleen Wry filed suit against Jack L. Wolf, Sr., Preston Trucking Company and others in the District Court of Ohio for damages arising from the accident.

On December 9, 1987, an URESA action was initiated in Arkansas, requesting an increase in child support to $653.70 per month. Following a hearing, the Arkansas court authorized the deduction of 25 percent of Charles Wry's unemployment compensation to pay the child support, recognizing that child support had been previously reduced to $225.00 per month by the court in Platte County.

On October 31, 1988, the Arkansas court, in response to a Motion to Modify, determined that Charles Wry had the ability to pay $125.00 per month in child support as he was not employed and his only source of income was $756 per month in workers' compensation. These payments were to begin November 1, 1988.

On December 6, 1989, Crawford and Company, the insurance adjuster for Preston Trucking Company, as payor of settlement funds to Charles and Kathleen Wry, was issued an Order for Non–Employer Payor to Withhold and Pay Over, by the Missouri Division of Child Support Enforcement (the Division) pursuant to § 454.505, RSMo Supp.1990. The division's order directed Crawford and Company to make payments and pay arrearages in the amount of $101,299.25 to the Circuit Clerk of Platte County. Crawford and Company is a Georgia Corporation, doing business in

Ohio, with authority to do business in Missouri.

Charles and Kathleen Wry settled their claims against Jack L. Wolf, Sr., and Preston Trucking Company for the amount of $430,000 on January 22, 1990. Charles and Kathleen Wry executed a Release of all Claims, releasing Jack L. Wolf, Sr., and Preston Trucking Company from further liability. As part of the settlement, $101,-299.25 was to be paid into the Circuit Court of Platte County on behalf of Charles and Kathleen Wry, pursuant to the pending judgment lien in that court and in compliance with the Order to Non–Employer Payor to Pay Over.

On March 27, 1990, Kathleen Wry filed a Motion to Intervene, alleging that the proceeds ordered to be paid to the Clerk were jointly owned property of husband and wife and that she reserved all rights to dispute said payment.

Also, on March 27, 1990, the Circuit Court of Platte County ordered the $101,-299.25 received from Crawford and Company to be held in trust pending a hearing and final determination of the respective interests of the parties.

On June 1, 1990, Charles Wry filed a Motion to Dismiss, a Motion for Summary Judgment and a Memorandum in Support of those motions. On June 4, 1990, Rena Wry Wade filed a Motion for Summary Judgment together with a Memorandum in Opposition to the motions filed by Charles Wry.

Oral arguments on the motions filed by the parties were presented to the trial court on June 15, 1990. Kathleen Wry's Motion to Intervene was sustained. Following the arguments of counsel, the case was taken under advisement and on July 25, 1990, the trial court entered an Order sustaining Rena Wry Wade's Motion for Summary Judgment and overruling all other motions. From the Order, Charles and Kathleen Wry now appeal presenting five points.

The points raised on appeal, some of which appear to be raised solely by Charles Wry and some by Charles and Kathleen Wry, are somewhat disorganized and redundant. The points, therefore, will not be addressed in the order in which they are raised on appeal. As succinctly stated as possible, the points allege the following:

(1) That the trial court erred in entering Summary Judgment in favor of Rena Wry Wade based on a theory of accord and satisfaction resulting from the execution of the release;

(2) That the trial court erred in entering Summary Judgment in favor of Rena Wry Wade because the Order to Non–Employer Payor to Withhold and Pay Over was defective and such defects cannot be waived by the consent of the garnishee so as to confer jurisdiction over the settlement proceeds;

(3) That the trial court lacked in rem jurisdiction to create a lien on property located in another state;

(4) That the settlement proceeds were exempted from execution as property held in the name of husband and wife pursuant to § 454.528(1), RSMo 1986; and

(5) That the procedure for perfecting a lien on settlement proceeds is governed by § 454.518, RSMo 1986, not § 454.505, RSMo Supp.1990, which was the section used by the State of Missouri to issue its Order to Non–Employer to Withhold and Pay Over.

Initially, it is noted that the Motions for Summary Judgment filed by the parties were improper. First of all, there was in existence a valid judgment pursuant to § 454.490, RSMo 1986, which provides:

A true copy of any order entered by the director pursuant to sections 454.460 to 454.510, along with a true copy of the return of service, may be filed in the office of the circuit court clerk in the county in which either the parent or the dependent child resides. Upon filing, the clerk shall enter the order in the judgment docket. Upon docketing, the order shall have all the force, effect, and attributes of a docketed order or decree of the circuit court, including, but not limited to, lien effect and enforceability by supplementary proceedings, contempt of court, execution, and garnishment.

The record reveals that the order entered by the director was properly filed in the office of the Platte County Circuit Court Clerk. The order, in accordance with the statute, had the effect of a docketed order or decree of the court, enforceable through garnishment proceedings. The appropriate method and most commonly used, of attacking garnishment proceedings, is through a motion to quash.

At the hearing, the record reflects that counsel for both Charles and Kathleen Wry asserted that they had not waived their right to file a motion to quash, but no such motion was ever filed. Following the hearing, the trial court took the case under advisement and subsequently granted the Motion for Summary Judgment in favor of Rena Wry Wade. There being no basis for the Motion for Summary Judgment, the grant of the Motion in favor of Rena Wry Wade is reversed.

■ In points two and five, it is argued that the Order to Withhold and Pay Over was defective and that the Division proceeded under the wrong statute to perfect a lien on the settlement proceeds. In this case, the Division filed its Order to Withhold and Pay Over pursuant to § 454.505, RSMo Supp.1990, to collect arrearages owed for child support by Charles Wry. An order such as this is required to be issued at any time an obliger, such as Charles Wry, is delinquent in child support payments. § 454.476.6, RSMo 1986. The Division proceeded in accordance with the provision of § 454.476.3, RSMo 1986, which provides, in pertinent part, as follows:

... the director shall issue an order directing an employer or other payor to withhold and pay over money due or to become due to the obligated parent as set out in section 454.505.

Section 454.505.1, RSMo Supp.1990, requires the director to "... issue an order directing any employer or *other payor* of the parent to withhold and pay over to the department or the clerk of the circuit court in the county in which the order of the director was docketed pursuant to section 454.490, money due or *to become due* the obligated parent ...". This remedy is in addition to any other remedy provided by law for the enforcement of support. § 454.505.1, RSMo Supp.1990. Further, § 454.505.4 directs:

4. If the order is served on a payor other than an employer, it shall be a lien against any money due or to become due the obligated parent which is in the possession of the payor on the date of service or which may come into the possession of the payor after service until further order of the director, except for any deposits held in two or more names in a financial institution.

The Order to Withhold and Pay Over was filed in the office of the Circuit Clerk of Platte County to be entered in the judgment docket. Pursuant to § 454.490, RSMo 1986, "[u]pon docketing, the order shall have all the force, effect, and attributes of a docketed order or decree of the circuit court, including, but not limited to, lien effect and enforceability by supplementary proceedings, contempt of court, execution and garnishment."

The division proceeded in accordance with the applicable statutory provisions. The Order to Withhold and Pay Over was not defective and any argument made by Charles and Kathleen Wry in that respect is denied.

Charles Wry also argues that the trial court erred in overruling his Motions to Dismiss and for Summary Judgment because the State of Missouri lacked in rem jurisdiction to create a lien on property located in another state. He alleges that the res of the settlement proceeds is Arkansas, the state of his residence.

■ A garnishment action is a proceeding in rem. *Blanton v. United States Fidelity and Guar.*, 680 S.W.2d 206, 208 (Mo.App.1984). Its function is to bring within the jurisdiction and power of the court the debt or chose in action and impress it with the lien of the judgment in aid of the execution. *Id.*

■ In accordance with the Release of all Claims signed by Charles and Kathleen Wry, the sum of $101,299.25 was paid by Crawford and Company to the Circuit Clerk

of the Platte County Circuit Court. The sum was paid into the court by Crawford and Company as garnishee, a Georgia Corporation, with a registered agent for service in Missouri. While there existed some dispute regarding the authority of Crawford and Company, as the insurance adjustor and not the direct payor to Charles and Kathleen Wry, the fact is that Crawford and Company did indeed have access and authority to pay over the funds. The res, that being the debt of Crawford and Company to Charles and Kathleen Wry, thus was located in this state and subject to in rem jurisdiction.

Finally, Charles and Kathleen Wry argue that because the proceeds were held jointly, they were the property of husband and wife and therefore exempt and outside the reach of the garnishment proceeding.

Section 454.528.1, RSMo 1986, exempts from execution property held in the name of husband and wife. Kathleen Wry filed a Motion to Intervene which was granted by the trial court. In her motion she disputed and claimed right, title and interest to part or all of the monies in the State's Judgment lien of $101,299.25, in that said sum was jointly owned as property of husband and wife. On the same day, the trial court issued its order directing the Circuit Clerk of Platte County to hold any monies received from Crawford and Company pending a hearing.

■ The law is well settled that a debt by one party cannot create a lien on property held as tenants by the entirety. *Farmer v. Miller*, 746 S.W.2d 661 (Mo.App.1988). Where two persons who are husband and wife become joint owners of personal property, a presumption arises that they hold the property as tenants by the entirety. *Merrill Lynch, Pierce, Fenner and Smith Inc. v. Shackelford*, 591 S.W.2d 210, 213 (Mo.App.1979). The presumption is that each spouse owns an undivided interest in the whole of property when it is held jointly. *Id.*

■ However, in the case at bar, Charles and Kathleen Wry each settled their claim for their individual damages as a result of the injuries received by Charles Wry. The proceeds of the settlement in question here had not yet been paid to Charles and Kathleen Wry and no joint ownership of the proceeds had been created. The record did not identify the amount of the settlement paid to satisfy the claim of Charles Wry as opposed to that of Kathleen.

No evidence was presented at the hearing regarding what the respective rights of Charles and Kathleen Wry were to the proceeds of the settlement. The only evidence presented with respect to this issue was a copy of the Release Agreement entered into by Charles and Kathleen Wry.

The agreement, signed by Charles and Kathleen originally read as follows:

> It is further understood and agreed by the undersigned that from this settlement of $430,000.00, the sum of $101,-299.25 is to be paid by the parties released hereunder to the Circuit Clerk/Court Administrator, Platte County Circuit Court, Platte County Courthouse, Platte City, Missouri, in behalf of Charles Wry and Kathleen Wry, pursuant to a judgment lien pending in said court and that said amount of money paid to the court is included in the full settlement of all claims by the undersigned.

Subsequently, apparently prior to signing the agreement, the terms "agreed" and "and Kathleen Wry" as well as the $101,-299.25 figure were excised through by interlineation. At each change, the initials "K.W." and "C.W." appear. In addition, written at the end of the above paragraph were the terms "under protest."

A document termed a release is in essence a written contract of compromise and settlement and it is well established in Missouri that before a contract can be binding, the nature and extent of its obligations must be certain. *Wells v. Peery*, 656 S.W.2d 275, 277 (Mo.App.1983). As between the Wrys and Jack L. Wolf and Preston Trucking Company, there is no question regarding the nature of the obligation. However, on its face, the Release Agreement reflects the existence of an ambiguity with respect to the significance of

the alterations made by the Wrys. With respect to the obligation of the Wrys to Rena Wade, there exists, by virtue of the changes made by the Wrys, a question as to the intent of the Wrys.

At the hearing, the record discloses that the parties concerned themselves mainly with evidence to support their respective Motions for Summary Judgment, which, as previously discussed were not appropriate in this case. The cause must therefore, be reversed and remanded, for the trial court to determine the interest of intervenor Kathleen Wry in the settlement proceeds, if any. In doing so, the trial court must determine the significance and effect of the changes made to the Release Agreement by the Wrys. All settlement proceeds representing payment to Charles Wry are subject to execution in satisfaction of his support obligation.

All concur.