Charles Dean STRANDE, Respondent,

v.

Gary Dean MERSHON, Appellant.

No. WD 44233.

Missouri Court of Appeals,
Western District.

Sept. 3, 1991.

Karen K. Howard, Kansas City, for appellant.

C.E. Weedman, Jr., Harrisonville, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

Strande has a money judgment against Mershon in the circuit court of Cass County, Missouri. Strande lives in Kansas.

Mershon is an employee of Chemlawn, a foreign corporation, at its place of business in Lenexa, Kansas.

Mershon has filed an affidavit in this court stating that he lives in Kansas, that his employment duties for Chemlawn are in Kansas, and that his wages are paid there. We do not consider this affidavit since it was not before the trial court. *Hendershot v. Minich*, 297 S.W.2d 403, 410 (Mo.1956).

Strande got out an execution on his Cass County judgment and a garnishment in aid thereof. A notice of garnishment and summons to garnishee were served upon Chemlawn's registered agent in Missouri. *See State ex rel. Auto Finance Co. v. Collins*, 496 S.W.2d 827 (Mo. banc 1973).

Mershon moved to quash the garnishment, on the ground that the Circuit Court of Cass County did not have jurisdiction of the garnishment "res", to wit, the wages owing by Chemlawn to Mershon. Mershon says the situs of the wages was in Kansas.

The Circuit Court of Cass County denied Mershon's motion to quash the garnishment, and Mershon has appealed to this court with the same argument he made in the trial court.

The wages owing by Chemlawn to Mershon had no situs. *Farrar v. American Express Co.*, 291 S.W. 989, 993–94 (Mo.App.1919). Where the garnishment seeks a debt belonging to judgment debtor, such as Mershon's claim against Chemlawn for wages, the judgment creditor steps into the shoes of the judgment debtor and asserts the judgment debtor's claim against the garnishee. *McRaven v. F–Stop Photo Labs, Inc.*, 660 S.W.2d 459, 462 (Mo.App. 1983); 6 Am.Jur.2d *Attachment & Garnishment* § 72 (1963). The key to the case before us is whether judgment debtor Mershon could have sued garnishee Chemlawn in Missouri for his wages. *State ex rel. Fielder v. Kirkwood*, 345 Mo. 1089, 138 S.W.2d 1009, 1011 (1940). Nobody argues

he could not. Mershon says the Missouri court did not have jurisdiction of the "res". However, service upon Chemlawn of the summons to garnishee and notice of garnishment as required by Supreme Court Rule 90.04 gives the Missouri court jurisdiction of the res. *Blanton v. United States Fidelity & Guaranty Co.*, 680 S.W.2d 206 (Mo.App.1984); *Feltner v. U.S. Army Finance & Accounting Center*, 643 S.W.2d 648, 649 (Mo.App.1982).

Judgment affirmed.