Johnna ROBERTS, Claimant/Appellant,

v.

COLONIAL MEADOWS, LLC
and Division of Employment
Security, Respondents.

No. ED 82023.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 11, 2003.

Johnna Roberts, St. Louis, pro se.

Colonial Meadows, LLC, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, MO, for Division of Employment Security.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Johnna Roberts, appeals the order of the Labor and Industrial Relations Commission affirming and adopting the decision of the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal had determined the claimant was disqualified from receiving unemployment insurance benefits because she left her work voluntarily without good cause attributable to the work or her employer. Because the claimant filed her notice of appeal untimely, we dismiss the appeal.

As in all cases, this Court has a duty to examine its jurisdiction *sua sponte. City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.,* 66 S.W.3d 139, 142 (Mo. App. E.D.2001). In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). We directed the claimant to show cause why this appeal should not be dismissed because the notice of appeal was untimely. The claimant filed a response, but failed to address the issue of the timeliness of her notice of appeal. Instead, she only addressed the merits of her appeal.

Section 288.210, RSMo 2000, governs appellate jurisdiction in employment security cases. That statute provides an aggrieved party twenty days after a decision of the Commission becomes final within which to appeal that decision by filing a notice of appeal. *Id.* A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its order to the claimant on September 27, 2002. The order became final ten days later on October 7, 2002 and the claimant's notice of appeal was due on Monday, October 28, 2002. Section 288.210; Section 288.240, RSMo 2000. Thus, the claimant's notice of appeal, which was filed on October 30, 2002, was late.

The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *Phillips v. Clean–*

*Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D. 2000).

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.