**Harold W. GRISSUM, Plaintiff–Respondent,**

v.

**Joyce C. (Grissum) SOLDI, Defendant–Appellant.**

**No. 25327.**

Missouri Court of Appeals, Southern District.

June 30, 2003.

Raymond I. Plaster, Springfield, for Appellant.

Mark C. Fels and Gregory J. Smith, Smith & Fels, P.C., Springfield, for Respondent.

KENNETH W. SHRUM, Judge.

In this garnishment case, Harold W. Grissum ("Husband") attempted to collect a money judgment against his ex-wife,

Joyce C. Soldi ("Wife").[1] He did so by trying to attach a debt owed by Quixtar, Inc. ("Quixtar") to Wife.[2] Wife appeals from a judgment that ordered the Greene County circuit clerk to pay Husband funds deposited by Quixtar in the court's registry. Wife charges, *inter alia*, that the trial court did not have jurisdiction over the debt owed by Quixtar to Wife; consequently, she claims all its rulings are void. Because we find merit in this contention, we are compelled to dismiss the appeal.

The marriage between Husband and Wife was dissolved January 3, 1990, per a decree entered by the Greene County, Missouri, circuit court. The decree incorporated a "Property Settlement and Separation Agreement" signed by the parties. In part, the decree, via reference to the property agreement, awarded Wife an "Amway Distributorship" and ordered her to pay Husband "$3,000 per month starting on January 31st, 1990, and continuing on or before the last day of each month thereafter until the death of [H]usband."

On September 4, 2001, the Greene County circuit clerk, acting at Husband's request, issued a writ of execution and sent it to the office of the Oakland County sheriff in Michigan. The execution/garnishment form directed the Michigan sheriff to "[g]arnish any sums due [Wife] from Garnishee Quixtar, Inc."[3] This execu-

tion/garnishment was returnable in ninety days, i.e., December 3, 2001.

Husband caused another execution to issue on November 30, 2001, and it was sent to the sheriff in Michigan on that date. The return date for this execution/garnishment form was February 28, 2002. As before, the Michigan sheriff was directed to garnish any sums due Wife from Quixtar.[4]

For both garnishment filings, Quixtar answered interrogatories propounded by Husband. Moreover, in response to each garnishment, Quixtar deposited a sum of money with the Greene County circuit clerk.

Wife filed motions to quash each garnishment. By docket entries dated March 12, March 18, and April 4 of 2002, the court denied these motions and ordered the circuit clerk to disburse to Husband all funds "currently being held." Wife attempted to appeal those rulings, but this court dismissed the appeal on October 31, 2002, due to non-compliance with Rule 74.01(a). *Grissum v. Soldi*, 87 S.W.3d 915 (Mo.App.2002) (*Grissum I*).

While the appeal in *Grissum I* was pending, Husband apparently realized the Greene County circuit court file did not contain a return of service by the sheriff of Oakland County, Michigan, for either writ of garnishment.[5] Accordingly, he moved

---

1. In an attempt at clarity, we refer to garnishor Harold Grissum as "Husband" and Joyce Soldi as "Wife," even though their marriage was dissolved January 3, 1990.

2. As will be discussed *infra*, Husband and Wife owned an Amway distributorship at the time of dissolution, and it was awarded to Wife. In some unexplained way, Quixtar apparently became a successor of Amway Corporation.

3. It appears that Quixtar's principal place of business and state of incorporation is Michigan. As to Wife's residence, the record reflects that by January 1998 she was living in

San Diego, California, and that she later relocated, establishing her domicile in the State of Florida.

4. Husband's first application for execution/garnishment recited that Wife owed him $94,131.85 based upon her failure to pay the $3000 per month contained in the dissolution judgment. The second application alleged Wife owed him $86,470.96.

5. *See Board of Regents v. Harriman*, 792 S.W.2d 388, 394 (Mo.App.1990) (holding, to confer jurisdiction over the res in a garnishment proceeding, there must be a sheriff's

to file those returns out of time. On August 1, 2002, the trial judge granted Husband leave to make those filings.[6] An examination of the documents reveals that the "summons" and "writ of garnishment" portion of each writ was left blank as shown in Appendix "A." On November 13, 2002, a judgment was entered which overruled Wife's motions to quash and ordered the clerk to disburse to Husband any funds that had been received by the clerk. This appeal followed.

Wife argues, *inter alia*, that the trial court lacked jurisdiction over the res, i.e., over the debt owed by Quixtar to Wife. Based on that premise, Wife insists the judgment is void.[7] We agree for the reasons set forth below.

"Garnishment is purely a creature of statute in derogation of the common law." *State ex rel. Eagle Bank and Trust Co. by Roderman v. Corcoran*, 659 S.W.2d 775, 777[1] (Mo.banc 1983). As such, "[s]trict compliance with all of the requirements formerly imposed by statutes and now also enjoined by civil rules is essential to confer and support jurisdiction in a garnishment proceeding." *Id.* at 777[2]. Failure to proceed as required by statutes and rules constitutes abandonment or discontinuance of a garnishment case. *Id.* at 777[5]. When the garnishment statutes and rules are not followed, a trial court is left without jurisdiction to proceed.[8] *Id.; see also State ex rel. Bagnell Inv. Co. v. Luten*, 647 S.W.2d 539, 541 (Mo.banc 1983).

The garnishment statutes and rules can be found in chapter 525 and Rule 90.[9] *U.S. v. Brooks*, 40 S.W.3d 411, 415 (Mo.App.2001). Garnishment is an incidental remedy by which a judgment creditor may collect the judgment by reaching the judgment debtor's property in the hands of a third party. *Id.* at 415[4]. Stated otherwise, garnishment is a proceeding in rem that brings within the jurisdiction and power of the trial court a debt or chose of action, i.e., a "res," and impresses that res with the lien of the judgment in aid of execution. *Antonacci v. Antonacci*, 892 S.W.2d 365, 367[2] (Mo.App.1995).

Rule 90.03 mandates that "[t]he garnishee ... be served with summons and the writ of garnishment[,]" with service thereof to be as stated in Rule 54.13.[10] Rule 90.04 provides that "[t]he service of the writ of garnishment and summons attaches the property subject to garnishment in the

---

return that affirmatively shows substantial compliance with essential requirements prescribed by statutes and rules relating to garnishment in aid of execution).

**6.** A copy of the document returnable December 3, 2001, is attached as Appendix "A" to this opinion. Except for relevant dates and alleged debt amount, the execution/garnishment document returnable February 28, 2002, is identical to that shown in Appendix "A."

**7.** We note that Wife based her lack of jurisdiction argument upon reasons other than those given in this opinion. In all cases, an appellate court has a duty to examine jurisdictional questions without regard to whether the parties raised the issue. *Roberts v. Colonial*

*Meadows, LLC*, 97 S.W.3d 529, 530 (Mo.App. 2003); *Cook v. Cook*, 97 S.W.3d 482, 485 (Mo.App.2002).

**8.** *Eagle Bank and Trust* held that the trial court lacked jurisdiction to proceed where the plaintiff did not timely obtain an "Immediate Order of Delivery" and failed to serve authorized interrogatories in a timely fashion. *Id.* at 777–78.

**9.** All statutory references herein are to RSMo (2000), unless otherwise indicated. All rule references herein are to Supreme Court Rules (2002), unless stated differently.

**10.** Rule 54.13 deals exclusively with service of process within the state of Missouri.

garnishee's possession ... at the time the writ of garnishment and summons is served...." In a similar vein, section 525.040 provides that "[n]otice of garnishment, served as provided in sections 525.010 to 525.480 shall have the effect of attaching all personal property, money ... or other choses in action of the defendant in the garnishee's possession ... at the time of the service of the garnishment...."

■ Here, an essential part of the documents sent to Michigan were never filled out or signed by the Michigan sheriff, either before or after service thereof. Specifically, the section that read, "[y]ou are notified that I attach all ... debts owed to the above named debtor that are in your possession[,]" was left blank on both documents. This uncompleted part of each form comprised the "writ of attachment and summons" mentioned in Rule 90.04, or the "notice of garnishment" described in section 525.040. The sheriff's failure on these two occasions to complete and serve on Quixtar a "writ of garnishment and summons" or a "notice of garnishment" resulted in the debt (owed by Quixtar to Wife) never being seized by him. This follows because Rule 90.04 and section 525.040 unequivocally provide that it is service of those documents that attaches the subject property, i.e., jurisdiction over the res, and nothing else suffices. *See Feltner v. U.S. Army Fin. and Accounting Center,* 643 S.W.2d 648, 649[4] (Mo.App. 1982); *Meyer v. Meyer,* 571 S.W.2d 477, 480[6] (Mo.App.1978); *Fulkerson v. Laird,* 421 S.W.2d 523, 525 (Mo.App.1967); *C. Rallo Contracting Co. v. Blong,* 313 S.W.2d 734, 737[1] (Mo.App.1958).

In sum, the debt at issue, having never been attached, was not brought before the Missouri court by these attempted garnishments. Based on the plain language of Rule 90.04 and section 525.040, and cases that interpret Missouri's garnishment law, we conclude that neither service of the remainder of the form issued out of the clerk's office, nor a declaration by the Michigan sheriff that he levied a writ of garnishment, constituted a seizure of the debt owed by Quixtar to Wife. *See Eagle Bank and Trust,* 659 S.W.2d at 777–78. The trial court simply did not acquire jurisdiction over the res based on what the Michigan sheriff served on Quixtar.

In holding that the above deficiencies deprived the trial court of jurisdiction, we have not ignored Husband's argument that the deposit of the money in the Missouri court conferred jurisdiction over the res.[11] We reject such argument, however, for the following reasons.

■ A garnishee is a mere stakeholder in the proceedings, and his or her voluntary acts cannot "do away with those steps which the law prescribes as necessary in order that the property may be held as against the owner." *Epstein v. Salorgne,* 6 Mo.App. 352, 354 (1878). " 'Whatever a garnishee may do respecting his own rights, he is powerless to do anything which will affect the rights of third persons, and if he is not legally served nothing is attached in his hands.' " *Federal Truck Co. v. Mayer,* 270 S.W. 407, 409 (Mo.App.1925) (quoting *Gates v. Tusten,* 89 Mo. 13, 14 S.W. 827, 829 (1886)). This principle underlies the universal rule that attends in garnishment cases, namely a "court's jurisdiction over the res cannot be waived or conferred by consent." *Beatty*

11. As for personal jurisdiction over the corporate entity, this can be waived; consequently, Quixtar did so when answering interrogatories propounded to it. *See Blanton v. U.S.*

*Fidelity and Guar. Co.,* 680 S.W.2d 206, 208[5] (Mo.App.1984); *Feltner,* 643 S.W.2d at 649[6]; *Meyer,* 571 S.W.2d at 480[6]; *C. Rallo Contracting,* 313 S.W.2d at 737[2].

*v. Conner*, 923 S.W.2d 455, 459[7] (Mo.App. 1996); *see also Feltner*, 643 S.W.2d at 649[3]; *Blanton*, 680 S.W.2d at 208[5]; *Fulkerson*, 421 S.W.2d at 526[2]; *C. Rallo Contracting*, 313 S.W.2d at 737[2]. "[M]ere jurisdiction over the person of the garnishee does not carry with it jurisdiction over the *res*." *Feltner*, 643 S.W.2d at 649[5].

Husband contends that the above principle, i.e., jurisdiction over the subject matter cannot be waived or conferred, has no application here because the money was paid into the court registry by the garnishee.[12] He further claims that no Missouri cases can be found wherein money was paid into the court via a garnishee, and an appellate court found a lack of jurisdiction over the res. Such argument, however, ignores the *Feltner* and *C. Rallo Contracting* cases. As occurred here, the garnishees in *Feltner* and *C. Rallo Contracting* answered interrogatories and paid what they claimed was due to the respective debtors into the registry of the court from which the garnishment issued. In each instance, an appellate court held that the respective courts did not acquire jurisdiction over the res. *Feltner*, 643 S.W.2d at 649[6]; *C. Rallo Contracting*, 313 S.W.2d at 736–39.

Based on the foregoing authorities, we are persuaded the trial court never acquired jurisdiction over the res (the debt owed by Quixtar to Wife), even through Quixtar deposited money with the trial court.[13] In a garnishment case, a judgment of a court without jurisdiction over the res is void. *Fulkerson*, 421 S.W.2d at 526[4]. Appeal of a void judgment in a garnishment case vests no jurisdiction in the appellate court. *Blanton*, 680 S.W.2d at 208[7]. This court has no jurisdiction because the judgment of the circuit court is void. Accordingly, the appeal must be dismissed.[14]

Appeal dismissed.

---

**12.** We fail to see the distinction Husband attempts to make. If a garnishee could pay money into court and this fact alone gave the court jurisdiction over the res, then one could indeed waive or confer subject matter jurisdiction. This is not the garnishment law of Missouri.

**13.** Husband cites two cases he claims contradict our holding. In *Wry v. Wade*, 814 S.W.2d 655 (Mo.App.1991), the funds were paid into a Missouri court pursuant to a "Release of all Claims" signed by the debtors. 814 S.W.2d at 658. More than that, the opinion is wholly unclear whether *garnishment proceedings* were instituted in aid of collecting delinquent child support payments. *Id.* at 658–59. Also distinguishing the case is the fact that the foreign corporation had a "registered agent for service in Missouri." *Id.* In *Strande v. Mershon*, 814 S.W.2d 704 (Mo.App.1991), the foreign corporation was served personally by delivery of the summons and notice, in proper form, to its registered agent in Missouri. 814 S.W.2d at 705. These are not the facts of this case.

**14.** Since the Michigan sheriff's failure to attach the debt is dispositive, we need not decide if other failures to *strictly comply* with the garnishment rules and statutes deprived the trial court of subject matter jurisdiction. We note, however, that Rule 90.03 requires a garnishee to be served in the manner contemplated by Rule 54.13. Rule 54.13 only allows for personal service within the state of Missouri. This requirement is simply a recognition of the in rem nature of garnishment proceedings. *See e.g., Palmer v. Bank of Sturgeon*, 281 Mo. 72, 218 S.W. 873 (1920); *Nelson v. Nelson*, 173 Ga.App. 546, 327 S.E.2d 529 (1985); 38 C.J.S. *Garnishment* § 135 (1996); 6 Am.Jur.2d *Attachment and Garnishment* §§ 19, 20–24, 26, 34 (1999). These authorities suggest a state garnishment court cannot acquire jurisdiction over a debt owed by a non-resident to another non-resident when the contractual relationship was not ongoing in the state where the garnishment was issued. We also note that the sheriff's return did not indicate what agent of the corporation was served, nor did it recite when or where such service was accomplished. *See* Rules 90.03, 54.20, and 54.13; *see also*

PREWITT, P.J., CONCURS IN SEPARATE OPINION.

PARRISH, J., CONCURS AND CONCURS IN SEPARATE OPINION.

## EXHIBIT "A"

filed w/ court 8/1/02

### IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| CIRCUIT DIVISION | Case Number: 189DR2409(3) | |
|---|---|---|
| Petitioner(s): Harold W. Grissum vs. | Please Issue: ☐ General Execution ☒ Execution/Garnishment ☐ Execution/Sequestration | |
| | Date Judgment Entered Against Debtor: 1/3/90 | (Date File Stamp) |
| Respondent(s): Joyce C. (Grissum) Soldi | Original Amount of Judgment: $ 3,000.00 per month, beginning 1/31/90 | Requested Return Date: ☐ 30 Days ☐ 60 Days ☒ 90 Days |

#### Execution/Garnishment Application and Order

| | | Amount Remaining Unpaid (To be completed by Applicant) | |
|---|---|---|---|
| To (County): Oakland County, MI | | | |
| Debtor/Address: Joyce C. (Grissum) Soldi P.O. Box 453 Elfers, FL 34680 | | Principal | $94,131.85 |
| | | Interest | $ |
| | | Court Costs (paid by party/atty) | $ |
| Debtor SSN: | | Attorney Fees | $ |
| Requested By: Mark C. Fels | Missouri Bar No.: 33271 | Taxes | $ |
| Attorney For: Petitioner | Date: 09/04/01 | Child Support/Maint under 12 wks. | $ |
| ☒ A judgment was entered on the above referenced date and remains unsatisfied. | | Child Support/Maint over 12 wks. | $ |
| ☒ The garnishor knows or has good reason to believe that the garnishee is indebted to debtor, that the garnishee is obligated to make periodic payments to debtor, or that the garnishee has control or custody of property belonging to debtor. | | Subtotal | $ |
| | | To Be Completed by Clerk | |
| | | Costs Due to Court | $ |
| Signature: | | Sheriff's Commission | $ |
| Address & Telephone Number: 528 W. Battlefield, Ste. 10 (417) 882-4820 Springfield, MO 65807 | | Fee for Service | $ |
| | | Total Due | $94,131.85 |

**Instructions for Service (to be completed by Applicant)**
Include applicable instructions such as, name and address of garnishee; description of property; location of bank account for a sequestration, include political subdivision, department, and name and title of disbursing officer:

Garnish any sums due Debtor Joyce (Grissum) Soldi from Garnishee Quixtar Inc. Serve Garnishee's Registered Agent, The Corporation Co., 30600 Telegraph Rd., Bingham Farms (Oakland County) MI 48025.

#### Writ of Execution

**The State of Missouri to the Sheriff of any County in the State of Missouri**
Because a judgment was entered against the above debtor in this court and there is a balance, accrued interest, and costs as stated above unpaid from said judgment, you are commanded to execute this writ by following the instructions on the reverse side of this writ and on the return date shown below to certify to this court how you executed this writ.

Mail Funds To: Sheriff, Greene County - 1010 Boonville, Springfield, MO 65802

| Issued (County): Oakland County MI | Execution No.: 01GA321 | Date Issued: 9/4/01 |
|---|---|---|
| Return Date: 12-3-01 | By (Clerk): | |

#### Summons to Garnishee

To: _____

You are notified that I attach all goods, personal property, money, credit, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named debtor that are in your possession or charge or under your possession or charge or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment above stated. You are further notified to file your answers to the interrogatories served within ten days after the above return date.

CERTIFIED COPY

| Date: | Sheriff/Server: By | |
|---|---|---|
| County: | Service Acknowledged By: | |

OSCA (12-98) CV90
MPCo 25745

1 of 2

Rules 76.02 & 90.02, 452.350 RSMo

§§ 525.050 and 525.060. Arguably these added deficiencies are grounds for finding the trial court lacked subject matter jurisdiction over the subject debt. *Eagle Bank and Trust,* 659 S.W.2d at 777.

**Sheriff or Server's Return**

I certify that I have served this summons/wrn
- ☒ By delivering a copy of the summons/writ to the garnishee.
- ☐ By leaving a copy of the summons/writ at the dwelling place or usual abode of each of the garnishees with _____, a person of the garnishee's family over the age of 15 years.
- ☐ Other _____

Served in ____Oakland____ County~~the~~ MI on __9-13-01__ (date) at _____ (time)

Service Fees

Summons/Writ $ __16__
Non Est $ _____ ( _____ miles @ $ ._____ per mile)
Mileage $ __12.00__
Total $ __28.00__

_Alfred D. Angelo_
Sheriff/Server

( ALFRED D'Angelo )

MAUREEN V. HOWALD
Notary Public, Oakland County, Michigan
My Commission Expires August 3, 2003

**Instructions to Sheriff/Server**

**General Execution**

You are commanded to execute this writ by levying upon the debtor's property.

**Garnishment**

You are commanded to summon the garnishee and attach the property subject to garnishment in the garnishee's possession, charge or under the garnishee's control between the time notice is served and the return date.

**Execution and Garnishment on Public Employer**

You are commanded to take into your possession, any and all moneys, checks, drafts, warrants, vouchers, or other evidence of indebtedness, for salary, wages, fees or earnings for services rendered by said debtor now due and payable, or which shall hereafter become due and payable from the date of this writ to the return day thereof, now in the hand of said paying, disbursing or audit officer, or that shall come into his/her hands before the return day of this writ, or so much thereof as shall be necessary to satisfy the amount of judgment debt, interest, costs and fees due and allowed by law for serving this writ, and issue therefore your receipt; that you endorse in the name of said debtor, any and all such checks, drafts, warrants, vouchers, or other evidence of indebtedness, and convert the same into cash; that you serve a true copy of this writ upon the paying  disbursing or auditing officer; and that you certify to this court the manner in which you execute this writ.

**Applicable Provisions Relating to Garnishments**

**525.030 RSMo**

2.   The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings on any amounts required by law to be withheld, which is subjected to garnishment may not exceed-(a) twenty-five percentum, or, (b) the amount by which the individual's aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time of the earnings are payable, or (c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less.

The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person, and order of any court of bankruptcy under chapter XIII of the Bankruptcy Act or any debt due for any state or federal tax.

For pay periods longer than one week, the provisions of subsection 2(a) and (c) of this section shall apply to the maximum earnings subjected to garnishment for all workweeks compensated, and under subsection 2(b) of this section, the "multiple" of the federal minimum hourly wage equivalent to that applicable to the earnings subject to garnishment for one week shall be represented by the following formula: The number of workweeks or fractions thereof (x) x 30 x the applicable federal minimum wage.  For the purpose of this formula, a calendar month shall be considered to consist of 4 1/3 workweeks, a semimonthly period to consist of 2 1/6 weeks. The "multiple" for any pay period longer than one week shall be computed in a manner consistent herewith.

The restrictions on the maximum amount of earnings subjected to garnishment shall also be applicable to all proceedings involving the sequestration of wages of employees of all political subdivisions.

The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

5.   No employer may discharge any employee by reason of the fact that the employee's earnings have been subjected to garnishment or sequestration for any one indebtedness.

6.   Whoever willfully violates the provisions of subsection 5 of this section is guilty of a misdemeanor.

**15 U.S.C. 1672 Restrictions on Garnishment - Definitions**

For the purposes of this subchapter (a) the term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension to a person or retirement program.  (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction form those earnings of any amounts required by law to be withheld.  (c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for the payment of any debt.

**15 U.S.C. 1673 Restrictions on Garnishment - Maximum Allowable Garnishment**

(b)(2)  The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(A)    where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used, 50 per centum of such individual's disposable earnings for that week; and

(B)    where such individual is not supporting a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week:

except that, with respect to the disposable earnings of any individual for any workweek, 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 centum. if any and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

OSCA (12-98) CV90          2 of 2          Rules 76.02 & 90.02, 452.350 RSMo
MPCo 25745

## CONCURRING OPINION

JAMES K. PREWITT, Presiding Judge.

I concur in the opinion.  I write only to state that I do not believe that the Circuit Court of Greene County had authority to direct the Michigan sheriff to take the action requested.