

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

BAISCH & SKINNER, INC.,       )    No. ED104058

                                   )

     Respondent,                    )

                                   )    Appeal from the Circuit Court

                                   )    of St. Louis County

     vs.                          )    Cause No. 12SL-AC17903-02

                                   )

JEFFREY G. BAIR, D/B/A GRIMM &    )    Honorable Mary E. Ott
GORLEY, D/B/A J. SENT INC.,         )

                                   )

     Defendant,                     )

                                   )

     and                           )

                                   )    Filed: December 20, 2016

FIRST BANK,                        )

                                   )

     Appellant.                    )

## I.      Introduction

First Bank (Appellant) appeals the trial court's order and judgment holding that the laws of the State of Missouri applied to the garnishment obtained by Baisch & Skinner, Inc. (Respondent) against the property of Jeffrey G. Bair, Grimm & Gorley, and J. Sent Inc. (Defendant). The parties are familiar with the facts and we will not recite them here. Nonetheless, we will discuss the facts as they relate to the issues on appeal. We affirm the decision of the trial court.

1

## II.  Standard of Review

In a court-tried garnishment action, the standard of review is controlled by Rule 84.13(d)[1] and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) (holding a trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law); *Cox v. Steck*, 992 S.W.2d 221, 223-24 (Mo. App. E.D. 1999). Furthermore, the appellate court will sustain the judgment of the trial court if the result was correct on any tenable basis. *U.S. v. Brooks*, 40 S.W.3d 411, 412 (Mo. App. S.D. 2001).

As an initial matter, Missouri courts generally apply Missouri law in determining whether a party's debt is properly subject to garnishment actions. *State ex rel. Government Employees Ins. v. Lasky*, 454 S.W.2d 942, 949-50 (Mo. App. E.D. 1970) (citing § 525.010 RSMo 1959). A garnishment is a statutory remedy which enables a judgment creditor (the garnishor) to collect the amount of the judgment by seizing the judgment debtor's property when it is in the hands of a third party (the garnishee). *State ex rel. Eagle Bank & Trust v. Corcoran*, 659 S.W.2d 775, 777 (Mo. banc 1983); *Grissum v. Soldi*, 108 S.W.3d 805, 808 (Mo. App. S.D. 2003).

In Missouri, garnishment actions are controlled by Chapter 525[2] and Rule 90. *Anani v. Griep*, 406 S.W.3d 478, 481 (Mo. App. E.D. 2013). Section 525.010 provides that:

> All persons shall be subject to garnishment, on attachment or execution, who are named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer, and all debtors of the defendant, and such others as the plaintiff or his attorney shall direct to be summoned as garnishees.

---

[1] All references are to Missouri Court Rules 2015.
[2] All references are to Mo. Rev. Stat. 2000 unless otherwise specified.

Under Rule 90.04 "[t]he service of the writ of garnishment and summons attaches the property subject to garnishment in the garnishee's possession…at the time the writ of garnishment and summons is served[.]" Similarly, § 525.040 provides that:

> Notice of garnishment, served as provided in sections 525.010 to 525.480 shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks, or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing to him, between that time and the time of filing his answer.

Together these rules "unequivocally provide that it is service of those documents that attaches the subject property, i.e., jurisdiction over the res, and nothing else suffices." *Grissum*, 108 S.W.3d at 809. "A garnishee is a mere stakeholder in the proceedings." *Id*. "Whatever a garnishee may do respecting his own rights, he is powerless to do anything which will affect the rights of third persons[.]" *Id*. (internal quotations omitted). Creditors may reach funds in the bank account of another if the funds actually belong to the debtor. *Vaughn v. Spitz*, 682 S.W.2d 847, 848 (Mo. App. S.D. 1984) (citing *Hilke v. Bank of Washington*, 251 S.W.2d 963, 966 (Mo. App. E.D. 1952)). "A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment." *Dunn v. Bemor Petroleum*, 737 S.W.2d 187, 189 (Mo. banc 1987).

### III.    Discussion

In the present case, Respondent brought a garnishment action against Defendant and properly served notice of this garnishment on Appellant in Missouri. Appellant, or the garnishee, applied the garnishment to the Defendant's account and withheld the amount of funds that were in the account on the day it was served with the garnishment, which was less than the full amount of the judgment owed to Respondent by Defendant. Appellant is licensed to do business

3

in both Missouri and Illinois and is incorporated under the laws of Missouri.[3] Appellant failed to follow the order of the Missouri court, which stated Appellant was to continue to withhold funds from the account for the entire period of the garnishment until the judgment was satisfied.[4] Instead, Appellant followed its own policies and the deposit account agreement between Appellant and Defendant which stated:

> Unless we notify you otherwise, and except as otherwise provided in this agreement, this agreement and your account will be governed by Federal law and the laws of the state where we opened your account, without regard to its choice of law principles.

It is undisputed that Defendant opened an account with Appellant in Swansea, Illinois. Illinois statute 12-707 provides that a garnishee bank is only required to withhold the amounts deposited on the day of service of the garnishment and pay those amounts into the registry of the court after the return date. *See* IL rs 12-707(a). Respondent sued to enforce the garnishment action when it discovered Appellant had not continued to withhold funds from Defendant's bank account after the date Appellant was served. The trial court initially granted Respondent's motion when Appellant failed to appear, however Appellant filed a Motion to Set Aside the Garnishment. In this motion Appellant argued: "There is no provision for a Motion to Enforce Garnishment in either the Revised Statutes of Missouri or the Missouri Rules of Procedure, and, therefore, both the Motion and Judgment/Order…were improper." The court granted Appellant's motion to set aside the judgment and order on December 18, 2013. Respondent waited until after the garnishment was due in January and re-filed its Motion to Enforce the Garnishment, arguing

---

[3] Respondent submitted an Affidavit in Support of its Motion to Set Aside the Judgment in which it notarized that it was a Missouri corporation.

[4] Under § 525.040 garnishees are required to withhold funds from the date of service of the garnishment until the date the garnishee files an answer in a non-wage garnishment action. Respondent alleged in its motion to enter judgment against garnishee that between the date of service and the date Appellant filed its answer there were funds placed into the account which would have been sufficient to satisfy the garnishment.

Missouri law applied. Appellant's argument to the trial court on this second motion was that this case presented a conflict of laws issue. Ultimately, on March 31, 2014, the trial court held that Missouri law applied to the garnishment action.

On appeal, Appellant argues the trial court erred in its conflict of law analysis and that the law of the state chosen by Defendant and Appellant in their deposit agreement—Illinois—should control the applicable law in processing garnishments. Appellant concedes that it is a Missouri corporation and is subject to the laws of this State. § 506.500.1(1). Additionally, Appellant was served with the garnishment in Missouri. It is uncontested that service was proper and the Missouri trial court had jurisdiction over the garnishment proceeding. "A forum state applies its own procedural state laws, but it chooses the applicable substantive law based on its own conflicts of law doctrines." *Zafer Chiropractic & Sports Injuries, P.A. v. Hermann*, No. ED 103950, 2016 WL 6106851, at *2 (Mo. App. E.D. Oct. 18, 2016). "In answering the initial conflict of laws question of substance versus procedure, we first note that Missouri law recognizes that the local law of the forum determines the method of securing obedience to court orders, as provided in § 130 of the Restatement (Second) of Conflict of Laws (1971)." *Farmers Exch. Bank v. Metro Contr. Servs.,* 107 S.W.3d 381, 391 (Mo. App. W.D. 2003).

On appeal, Appellant alleged that the trial court misapplied the conflicts of law analysis laid out in Restatement (Second) of Conflicts of Laws, reasoning that the choice of law provision in the deposit agreement between Appellant and Defendant should be controlling. *Id.* at 390-91. Because we agree with the trial court's privity analysis we do not need to address the merits of Appellant's conflict of laws argument. Respondent argues the trial court was correct in applying Missouri law because the Appellant does business and is incorporated in Missouri, service occurred in Missouri, and Appellant did not object to the court's jurisdiction. Additionally,

5

Respondent argues it is not bound to the deposit agreement's terms, because it was not a party to the agreement and no privity of contract existed between it and Appellant. We agree.

Generally, Missouri courts honor the choice of law provisions in actions between the parties to the contract. *Sturgeon v. Allied Prof'ls Ins. Co.*, 344 S.W.3d 205, 208 (Mo. App. E.D. 2011). Although the trial court found the agreement governed any disputes between Appellant and Defendant, it held Respondent was not bound by the agreement. In order for a party to be bound by a contract a court must find there was privity of contract. Privity of contract is the relationship between the parties to a contract, which allows them to sue one another but prevents a third party from doing so. *Black's Law Dictionary* 1320 (9th Ed. 2009). "The doctrine of privity means that a person cannot acquire rights or be subject to liabilities *arising under* a contract to which he is not a party." G.H. Treitel, *The Law of Contract* 538 (8th ed. 1991) (emphasis in original). The doctrine is intended to shield contracting parties from unlimited liability and to prevent encumbering parties with duties not voluntarily assumed. *Captiva Lake Invs., LLC v. Ameristructure, Inc.*, 436 S.W.3d 619, 626 (Mo. App. E.D. 2014). Missouri courts follow 12 Am. Jur. § 273, which states "obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it." *RGB2, Inc. v. Chestnut Plaza, Inc.*, 292 S.W.3d 409, 416 (Mo. App. S.D. 2009).

A garnishment action alone does not create a privity of contract between a garnishee and a garnishor. *Walkeen Lewis Millinery Co. v. Johnson*, 109 S.W. 847, 849 (Mo. App. E.D. 1908) (finding there was no privity of contract between a garnishee bank and the plaintiff who had obtained a garnishment against a defendant with funds located at the bank). We agree with the trial court's conclusion that the choice of law clause in the deposit agreement is not binding upon Respondent because privity of contract did not exist, as Respondent was not a party to the

6

agreement. We find it was not error for the court to hold this State's law applied to the garnishment action and order the Appellant to withhold the judgment debt in accordance with Missouri law.

## IV.    Conclusion

The decision of the trial court is affirmed.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.